UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

01 SEP 27 PM 4:36

CLAI.  ... :.JJDOX
CLERK U S. DIST. CT.
S.D. OF FLA - MIA

Notice To Clerk, District Court

CIV-MORENO

RE:   3:01-cv-00428

Connecticut State  v. Anthem Health Plans

MAGISTRATE JUDGE
DUBÉ

Dear Clerk:

Enclosed is the original file and certified copies of the Order and docket
entries in the above-entitled case which has been transferred to your court.

Kindly acknowledge receipt of same on the copy of this notice and return it
in the envelope provided. Missing Documents. 8, 9, 10 and 11

Kevin F. Rowe, Clerk

By: _Patricia a. Lillano_

Deputy Clerk

Enclosures

This acknowledges receipt of this case file and certified copies of the
Order and docket entries.

Case was received in this District on _____

Assigned case number: _____

This case was received by: _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

01 SEP 27 PM 4: 37

CLAIR . . . . . ADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

Notice To Clerk, District Court
--------------------------------

RE:   3:01-cv-00428

Connecticut State   v. Anthem Health Plans

Dear Clerk:

Enclosed is the original file and certified copies of the Order and docket
entries in the above-entitled case which has been transferred to your court.

Kindly acknowledge receipt of same on the copy of this notice and return it
in the envelope provided.

Kevin F. Rowe, Clerk

By: Patricia a. Villaro

Deputy Clerk

Enclosures

This acknowledges receipt of this case file and certified copies of the
Order and docket entries.

Case was received in this District on _____

Assigned case number: _____

This case was received by: _____

01 SEP 27 PM 4:36

U.S. District Court
CLERK U. S. DIST. CT.
District of Connecticut (New Haven)
S.D. OF FLA - MIA
CIVIL DOCKET FOR CASE #: 01-CV-428

CLOSED, 1-01-CV-
CIV-MORENO

MAGISTRATE JUDGE
DUBÉ

Connecticut State v. Anthem Health Plans

Filed: 03/16/01

Assigned to: Judge Janet Bond Arterton
Demand: $0,000
Lead Docket: None
Dkt # in lead case : is 3:01-cv-00411

Nature of Suit:  791
Jurisdiction: Federal Question

CONNECTICUT STATE MED SOC
    plaintiff

Joseph P. Guglielmo
[COR LD NTC]
Edith M. Kallas
[COR LD NTC]
Milberg, Weiss, Bershad, Hynes
& Lerach
One Pennsylvania Plaza
Suite 4915
New York, NY 10119-0165
212-594-5300

cat / div
Case #
Judge       Mag
Motn lfp _____ Fee pd $ _____
Receipt # _____

James E. Hartley, Jr.
[COR LD NTC]
Gary B. O'Connor
[COR LD NTC]
Hunchu Kwak
[COR LD NTC]
Drubner, Hartley, O'Conner &
Mengacci
500 Chase Pkwy
Waterbury, CT 06708
203-753-9291
FTS 753-6373

v.

ANTHEM HEALTH PLANS, INC
    defendant

Craig A. Hoover
[COR LD NTC]
Jeremy T. Monthy
[COR LD NTC]
Jeffrey D. Pariser
[COR LD NTC]
Hogan & Hartson
Columbia Sq.
555 Thirteenth St., Nw.
Washington, DC 20004-1109
202-637-5600

Docket as of September 21, 2001 10:36 am            Page 1

Proceedings include all events.
3:01cv428 Connecticut State v. Anthem Health Plans                    CLOSED
                                                                      3:01cv 411

                    Patrick M. Noonan
                    203-458-9168
                    [COR LD NTC]
                    Michael G. Durham
                    203-458-9168
                    [COR LD NTC]
                    Steven M. Barry
                    203-458-9168
                    [COR LD NTC]
                    Delaney, Zemetis, Donahue,
                    Durham & Noonan
                    Concept Park
                    741 Boston Post Rd.
                    Guilford, CT 06437
                    203-458-9168

Proceedings include all events.
3:01cv428 Connecticut State v. Anthem Health Plans                    CLOSED
                                                                    3:01cv 411
3/16/01  1      NOTICE OF REMOVAL by Anthem Health Plans  from Judicial
                District of New Haven  FILING FEE $ 150.00  RECEIPT #
                N003019 (jxp) [Entry date 03/19/01]

3/16/01  2      ORDER on Pretrial Deadlines handed to counsel Discovery
                cutoff 9/15/01 ; Dispositive Motions due 10/15/01  Amended
                Pleadings due 05/16/01  Motions to Dismiss due 06/16/01 (jxp)
                [Entry date 03/19/01]

3/22/01  3      MOTION by Anthem Health Plans to Extend Time beyond the
                time of the court's decision on the Motion to Remand to
                file a response to the Complaint (bag) [Entry date 03/23/01]

3/26/01  4      APPEARANCE of Attorney for Connecticut State  -- James E.
                Hartley Jr., Hunchu Kwak, Gary B. O'Connor (bpd)
                [Entry date 03/27/01]

3/26/01  5      MOTION by Anthem Health Plans for Jeremy T. Monthy to
                Appear Pro Hac Vice (bpd) [Entry date 03/27/01]

3/26/01  6      MOTION by Anthem Health Plans for Craig A. Hoover to
                Appear Pro Hac Vice (bpd) [Entry date 03/27/01]

3/26/01  7      MOTION by Anthem Health Plans for Jeffrey D. Pariser to
                Appear Pro Hac Vice (bpd) [Entry date 03/27/01]

3/26/01  --     Motion to Consolidate (Doc #8) & Memorandum in Support (Doc
                #9) deleted, entered in error (dac) [Entry date 04/09/01]
                [Edit date 04/11/01]

3/27/01  --     ENDORSEMENT [5-1] motion for Jeremy T. Monthy to Appear Pro
                Hac Vice ordered accordingly Jeremy T. Monthy ( signed by
                Clerk ) (bpd) [Entry date 03/27/01]

3/27/01  --     ENDORSEMENT [6-1] motion for Craig A. Hoover to Appear Pro
                Hac Vice ordered accordingly Craig A. Hoover ( signed by
                Clerk ) (bpd) [Entry date 03/27/01]

3/27/01  --     ENDORSEMENT [7-1] motion for Jeffrey D. Pariser to Appear
                Pro Hac Vice ordered accordingly Jeffrey D. Pariser (
                signed by Clerk ) (bpd) [Entry date 03/27/01]

3/27/01  --     ENDORSEMENT granting [3-1] motion to Extend Time beyond the
                time of the court's decision on the Motion to Remand to
                file a response to the Complaint ( signed by Judge Alvin
                W. Thompson ) (bag) [Entry date 03/27/01]

3/28/01  10     MOTION by Connecticut State to Remand  (Brief Due 4/18/01
                ) (jrb) [Entry date 03/30/01]

3/28/01  11     MEMORANDUM by Connecticut State  in support of [10-1]
                motion to Remand (jrb) [Entry date 03/30/01]

Docket as of September 21, 2001 10:36 am              Page 3

Proceedings include all events.
3:01cv428 Connecticut State v. Anthem Health Plans                    CLOSED
                                                                    3:01cv 411
4/9/01    13    APPEARANCE of Attorney for Anthem Health Plans   -- Craig
                A. Hoover (bag) [Entry date 04/12/01]

4/11/01   12    ORDER of Transfer ( signed by Judge Alvin W. Thompson )  to
                Judge Janet B. Arterton (bpd) [Entry date 04/11/01]

4/13/01   14    MOTION by Anthem Health Plans to Extend Time to 3/28/01 to
                respond to Motion for State Court (jxp)
                [Entry date 04/16/01]

4/16/01   15    APPEARANCE of Attorney for Anthem Health Plans   --Jeffrey
                D. Pariser (jxp) [Entry date 04/16/01]

4/16/01   16    MOTION by Connecticut State for Edith M. Kallas to Appear
                Pro Hac Vice (mbs) [Entry date 04/18/01]

4/16/01   17    MOTION by Connecticut State for Joseph P. Guglielmo to
                Appear Pro Hac Vice (mbs) [Entry date 04/18/01]

4/17/01   --    ENDORSEMENT granting [14-1] motion to Extend Time to
                respond to Motion for Remand to State Court, Brief
                Deadline set for 4/27/01 [10-1] motion to Remand  ( signed
                by Judge Janet B. Arterton ) (sab) [Entry date 04/18/01]

4/18/01   --    ENDORSEMENT [16-1] motion for Edith M. Kallas to Appear Pro
                Hac Vice -- ordered accordingly  ( signed by Clerk ) (mbs)
                [Entry date 04/18/01]

4/18/01   --    ENDORSEMENT [17-1] motion for Joseph P. Guglielmo to Appear
                Pro Hac Vice -- ordered accordingly  ( signed by Clerk )
                (mbs) [Entry date 04/18/01]

4/18/01   18    OBJECTIONS by Connecticut State  to [14-1] motion to Extend
                Time to 3/28/01 to respond to Motion for State Court by
                Anthem Health Plans (mmr) [Entry date 04/19/01]

4/25/01   19    APPEARANCE of Attorney for Anthem Health Plans   -- Michael
                G. Durham (jxp) [Entry date 04/25/01]

4/25/01   20    MEMORANDUM by Anthem Health Plans  in opposition to [10-1]
                motion to Remand by Connecticut State (mbs)
                [Entry date 04/26/01]

4/25/01   21    Exhibits by Anthem Health Plans  to [20-1] opposition
                memorandum  by Anthem Health Plans (mbs)
                [Entry date 04/26/01]

4/25/01   --    Consolidated Member Case . Lead Case Number: 3:01cv411 (fsd)
                [Entry date 04/26/01]

5/7/01    22    APPEARANCE of Attorney for Anthem Health Plans   -- Craig A.
                Hoover (jxp) [Entry date 05/07/01]

Proceedings include all events.
3:01cv428 Connecticut State v. Anthem Health Plans                  CLOSED
                                                                   3:01cv 411
5/7/01    23      APPEARANCE of Attorney for Anthem Health Plans  -- Steven
                  M. Barry (jxp) [Entry date 05/08/01]

9/18/01   24      CONDITIONAL TRANSFER ORDER   Case transferred to Southern
                  District of Florida  (signed by William Terrell Hodges,
                  Chairman) (pav) [Entry date 09/21/01]

9/18/01   --      Interdistrict transfer  to District of Southern Florida.
                  Original file, certified copies of docket and Order sent
                  9/24/01 (pav) [Entry date 09/21/01]

9/18/01   --      Case closed (pav) [Entry date 09/21/01]

I hereby certify that the foregoing
    true copy of the original document
..... .... Date: .....9..21.C]...........

KEVIN F. ROWE
Clerk .
By ...P..a...Villano............
Deputy Clerk

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA
301 North Miami Avenue
Miami, FL 33128-7788
305-523-5100

Clarence Maddox
Clerk of Court



September 14, 2001

$\mathcal{lec} \cup$
$CV \; 4II$

Attn: Barbara
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

$3:0 |c \, v \, 428$
$\overline{J}BA$

Re: Managed Care Litigation - 00MD1334

Your Case Number:   01-411  Connecticut State Medical Society v. Aetna
01-412  Sue McIntosh, M.D. v. Aetna
01-424  Connecticut State Medical Society v. Cigna
01-425  F. Scott Gray, M.D. v. Cigna
01-426  Stephen R. Levinson v. Anthem
01-428  Connecticut State Medical Society v. Anthem
01-416  J. Kevin Lynch, M.D. v. Physicians Health
01-417  Connecticut State Medical Society v. Physical

Dear Clerk:

Enclosed is a certified copy of the order from the Judicial Panel on Multidistrict
Litigation (MDL Panel) transferring the above-entitled action to the Southern District of
Florida, Miami Division, where it will be directly assigned to Judge Federico A. Moreno.

Please forward your court file, certified copy of the docket sheet and the enclosed copy of
this transmittal letter to the United States District Court for the Southern District of
Florida, Miami Division, Attn: Clerks Office {Intake}, 301 North Miami Avenue, Miami,
FL 33128. Your prompt attention to this matter is greatly appreciated.

Sincerely,

By:    Nury Toloza, Deputy Clerk

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONNECTICUT STATE MEDICAL
SOCIETY,

        Plaintiff,

*v.*

ANTHEM HEALTH PLANS, INC.,

        Defendant.

Civil Action_____

March 16, 2001

1CV00428

## PETITION FOR REMOVAL

Comes now defendant, Anthem Health Plans, Inc. ("Anthem"), by its undersigned counsel, and files this Petition for Removal of this cause from the Superior Court in New Haven, Connecticut, where it now is pending, to the United States District Court for the District of Connecticut, and for grounds in support hereof, states as follows:

1.    The referenced civil action was filed on or about February 14, 2001, and served on Anthem on February 15, 2001. Therefore, this Petition is timely filed pursuant to 28 U.S.C. § 1446(b). The documents attached hereto as Exhibit 1 comprise all of the process and pleadings served upon Anthem to date.

2.    This action is removable to this Court pursuant to 28 U.S.C. § 1441 because Plaintiff's claims are founded on claims or rights arising under the laws of the United States and therefore involve a federal question under 28 U.S.C. § 1331. Specifically, the claims asserted by Plaintiff relate to one or more employee benefit plans established and maintained

**DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

by employers or groups of employers pursuant to the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §1001, et seq. Plaintiff alleges that Anthem failed either to pay or to pay in a timely manner for services rendered to ERISA plan members which it contends were "covered services" under the plan. Some of the claims for reimbursement submitted under these plans have been denied by Anthem, either in whole or in part, due to the specific provisions contained in the plans. In order to prevail in this action, Plaintiff must first demonstrate that the services rendered to ERISA plan participants and for which Anthem either failed to pay or to pay in a timely manner were "covered services" and were "medically necessary" under the terms of the ERISA regulated employee benefit plans. The claim asserted in this litigation is essentially a claim for reimbursement of benefits under ERISA plans. Such claims raise question of federal law – including the relevant provisions of the ERISA statute, 29 U.S.C. § 1132(a)(1)(B) – and are accordingly removable.

3.      This action is further removable pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331 because Plaintiff's claims relate to one or more employee benefit plans established and maintained by the United States Office of Personnel Management (the "OPM") to deliver health benefits to federal employees located in Connecticut, pursuant to the Federal Employees' Health Benefits Act, 5 U.S.C. §§ 8901-8914 ("FEHBA"). Plaintiff's claims for the reimbursement of benefits require an analysis of FEHBA regulated plans and thereby raise questions of federal law.

4.      This Court has personal jurisdiction over the parties because plaintiff and Anthem maintain their principal places of business in Connecticut.

2

5.     A true copy of this Petition for Removal has been filed with the Clerk of the

Superior Court for New Haven, as required by 28 U.S.C. § 1446(d).

6.     Pursuant to Local Rules, Anthem will submit to this Court true and legible copies

of all other papers then on file with the State court within thirty (30) days.

WHEREFORE, the petitioner/defendant prays that the above action now pending against

it in the Superior Court of Connecticut in and for the Judicial District of New Haven be removed

therefrom to this Court.

Dated: March 16, 2001

Respectfully submitted,

ANTHEM PLANS, INC.

By: _____

Patrick M. Noonan (Fed. Bar # ct00189)
Michael G. Durham (Fed Bar # ct05342)
DELANEY, ZEMETIS, DONAHUE,
 DURHAM & NOONAN
741 Boston Post Road
Guilford, CT  06437
(203) 458-9168

Craig A. Hoover (Fed. Bar # ct21931)
Jeffrey Pariser (Fed. Bar # ct22245)
Jeremy T. Monthy (Fed. Bar # ct22244)
555 13th Street, N.W.
Washington, DC  20004
(202) 637-5600

Attorneys for Defendants

3

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

James E. Hartley, Jr.
Drubner, Hartley, O'Conner & Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
Tel: (203) 753-9291      Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
Tel: (203) 821-2000      Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
Tel:  (203) 594-5300     Fax:  (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY
Tel: (212) 661-1100      Fax: (212) 661-8665

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Tel: (860) 537-5537      Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel:  (215) 496-0300     Fax:  (215) 496-6611

Patrick M. Noonan

4

# SUMMONS - CIVIL
(Except Family Actions)

JD-CV-1  Rev. 2-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a;
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

## STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.state.ct.us

**"X" ONE OF THE FOLLOWING:**
Amount, legal interest or property in demand, exclusive of interest and costs is:

☐ less than $2,500
☐ $2,500 through $14,999.99
☐ $15,000 or more

("X" if applicable)
☒ Claiming other relief in addition to or in lieu of money or damages.

### INSTRUCTIONS

1. Type or print legibly: sign original summons and conform all copies of the summons
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint

| RETURN DATE (Mo., day, yr.) (Must be a Tuesday) | 3/13/01 |
|---|---|

| ☒ JUDICIAL DISTRICT | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | CASE TYPE (See JD-CV-1c) |
|---|---|---|
| ☐ HOUSING SESSION ☐ G.A. NO. | New Haven | Major __M__ Minor __00__ |

| ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S 51-346, 51-350) | TELEPHONE NO. (with area code) |
|---|---|
| 235 Church Street, New Haven, CT, 06510 | 203/503-6800 |

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | ☐ Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | Connecticut State Medical Society, 160 St. Ronan Street, New Haven, CT, 06511 | | | 01 |
| Additional Plaintiff | | | | 02 |
| FIRST NAMED DEFENDANT | Anthem Plans, Inc. d/b/a Anthem Blue Cross & Blue Shield of Connecticut, Inc., Agent for Service: Robert T. Brown, Esq., 370 Bassett Road, North Haven, CT, 06 | | | 50 |
| Additional Defendant | | | | 51 |
| Additional Defendant | | | | 52 |
| Additional Defendant | | | | 53 |

## NOTICE TO EACH DEFENDANT

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 2/14/01 | James E. Hartley Jr. | | James E. Hartley, Jr. |

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) | TELEPHONE NUMBER | JURIS NO. (if atty. or law firm) |
|---|---|---|
| Drubner Hartley O'Connor & Mengacci, 500 Chase Pkwy., Wby., CT | 203/753-9291 | 16922 |

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code) | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|
| JoAnne S. Falcone, 500 Chase Parkway, Waterbury, CT, 06708 | |

| # PLFS. | # DEFS. | # CNTS. | SIGNED (Official taking recognizance; "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | For Court Use Only |
|---|---|---|---|---|---|
| 1 | 1 | 1 | James E. Hartley Jr. | | FILE DATE |

IF THIS SUMMONS IS SIGNED BY A CLERK:

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A TRUE COPY ATTEST:

THOMAS F. GAHAN
State Marshal - New Haven County

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|
| | | | |

ORIGINAL

RETURN DATE:  MARCH 13, 2001        :        **SUPERIOR COURT**

**CONNECTICUT STATE**                :        **J. D. OF NEW HAVEN**
**MEDICAL SOCIETY**

          **VS.**                    :        **AT NEW HAVEN**

**ANTHEM HEALTH PLANS, INC.**        :        **FEBRUARY 14, 2001**

## COMPLAINT

Plaintiff, Connecticut State Medical Society ("CSMS" or "plaintiff"), by its attorneys, brings this action against Anthem Health Plans, Inc., d/b/a Anthem Blue Cross and Blue Shield of Connecticut (referred to as "Anthem" or "defendant"), and alleges the following upon information and belief, except as to paragraphs pertaining to plaintiff's own actions, which are alleged upon personal knowledge:

## THE PARTIES

1.      CSMS is a federation of eight county medical associations and a constituent state entity of the American Medical Association, with its headquarters located at 160 St. Ronan Street, New Haven, Connecticut, and a total membership in excess of 7,000 physicians.

2.      The philosophy and purpose of CSMS is promoting the highest standards of medical care in the State of Connecticut, facilitating its physician members in

providing top quality care to their patients and supporting the sanctity of the physician-patient relationship for the benefit of the public.

3.    CSMS has been directly and adversely impacted in this endeavor by the egregious acts and practices of defendants as set forth in this Complaint.

4.    Defendant Anthem Health Plans, Inc., d/b/a Anthem Blue Cross and Blue Shield of Connecticut, is a Connecticut corporation with its principal offices located at 370 Bassett Road in North Haven, Connecticut. Anthem Connecticut is a wholly-owned subsidiary of Anthem, Inc.

## THE NATURE OF THE ACTION

5.    CSMS brings this action on behalf of its members to enjoin defendant from engaging in the numerous unfair and deceptive acts and practices, identified herein, which are designed to delay, deny, impede and reduce lawful reimbursement to CSMS physicians who rendered medically necessary health care services to members of defendant's managed care plans.

6.    In addition, as a result of the extraordinarily unequal bargaining positions between the CSMS physicians and defendant, and the physicians' reliance on Anthem to provide access to significant portions of their patient information base, Anthem has been able to force physicians to enter into one-sided contracts which infringe upon the doctor-

2

DRUBNER, HARTLEY, O'CONNOR & MENGACCI, L.L.C. ATTORNEYS AT LAW
500 CHASE PARKWAY, WATERBURY, CONNECTICUT 06708
JURIS #16922 • (203) 753-9291 • FAX # (203) 753-6373

patient relationship and threaten the continuity of care physicians provide to their patients.

7.    As a result of its unfair and deceptive practices, defendant has repeatedly violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110b *et seq.* ("CUTPA"), and the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. § 38a-816 ("CUIPA"), and will continue to do so absent injunctive relief. Anthem's wrongful conduct strikes at the very heart of the mission of the CSMS -- which is to promote the provision of high quality medical care for the benefit of the public. By bringing this action, CSMS seeks an order enjoining Anthem from continuing its wrongful practices.

8.    As discussed in detail below, defendant has employed a variety of means to effect its unfair and deceptive scheme, including, but not limited to, one or more of the following practices:

- Defendant systematically denies reimbursement to CSMS physicians for medically necessary services by, *inter alia*, (i) routinely and unjustifiably refusing to pay for, or reducing payment for, more than one healthcare service per visit or incident -- referred to as "bundling" payment for healthcare services; (ii) routinely and unjustifiably reducing retroactively the amount of reimbursement remitted to CSMS physicians for services rendered to members of defendant' healthcare plans

3

DRUBNER, HARTLEY, O'CONNOR & MENGACCI, L.L.C. ATTORNEYS AT LAW
500 CHASE PARKWAY, WATERBURY, CONNECTICUT 06708
JURIS #16922 • (203) 753-9291 • FAX # (203) 753-6373

-- referred to as "downcoding" payment for healthcare services;  (iii) routinely and

unjustifiably denying increased levels of reimbursement for complicated cases

which require substantial additional services --referred to as or "modifiers";

(iv) improperly employing software programs designed to automatically

downcode procedures and/or deny payment to physicians who are identified as

high utilizers, without any clinical review or oversight; and (iv) routinely and

unjustifiably denying payment for procedures that fall within the "global period"

covering follow-up for a procedure, even though the additional procedure is

unrelated.

- Defendant systematically denies medically necessary claims to achieve internal

    financial targets without regard for individual medical needs,  thereby wrongfully

    denying payment to CSMS physicians, by, *inter alia*, (i) monitoring and

    penalizing physicians for high utilization; (ii) reprimanding and terminating

    Anthem employees who are unwilling to engage in this practice; (iii) improperly

    influencing its internal claims administrators; (iv) implementing a system of

    financial rewards and punishments upon utilization management staff in order to

    meet cost targets; and (v) improperly applying so-called "guidelines" in a manner

4

knows to be unintended and unreasonable for the purpose of denying coverage for treatments that are medically necessary.

- Defendant fails to provide adequate staffing to handle physician inquiries. In this regard, Anthem has created and maintains an administrative system that is inefficient and designed to frustrate payment to participating physicians by requiring physicians to make excessive telephone inquiries prior to obtaining pre-certification for approval of healthcare services and to obtain proper reimbursement of claims. Defendant also fails to provide sufficient explanation as to its failure to reimburse claims in whole or in part.

- Defendant routinely and unjustifiably fails to make payments to the CSMS physicians within the time period allotted under the contracts between the parties in violation of the contract and applicable provisions of Connecticut State law and routinely and unjustifiably fails to pay interest on claims that are past-due as required under the terms of the agreement in violation of the contract and applicable provisions of Connecticut State law.

- Defendant requires CSMS physicians to enter into one-sided contracts, in order for them to provide medical care to patients who receive healthcare through one of defendant's managed care plans.

5

• Defendant consistently refuses to provide participating physicians with fee schedules to be applied to the codes for covered procedural terminology recognized by physicians and insurers for reimbursement.

9. As a result of its improper, unfair and/or deceptive scheme, defendant has deprived the CSMS physicians millions of dollars of lawful reimbursement for healthcare services provided to defendant's plan members. CSMS members relied heavily on defendant's obligations to make payments pursuant to the terms of these contracts and defendant's failure to do so has materially impaired CSMS members' ability to provide healthcare services to defendant's plan members and others.

10. Adequate and timely reimbursements to CSMS physicians are also necessary in order to ensure that physicians are able to maintain their practices and provide continuity of care to their patients as required by sound medical judgment. The relationship between a physician and patient depends on reimbursement adequate to cover the costs of delivering the health care services patients have been promised by defendant. Defendant' failure to provide reimbursement to CSMS physicians which is adequate to cover the costs of delivering health care services to patients has resulted in tremendous hardships for CSMS physicians.

6

11.     Defendant's conduct in this regard also injures consumers of defendant's healthcare products and the general public. The conduct of defendant has adversely impacted, and continues to adversely impact, members of defendant's plans and the general public by, among other things: (a) imposing financial hardships, and in some cases threatening the continued viability of the practices run by CSMS' physician members; (b) threatening the continuity of care provided to patients by CSMS physicians, as required by sound medical judgment; (c) requiring CSMS physicians to expend considerable resources in seeking reimbursement that might otherwise be available to provide enhanced healthcare services to defendant' plan members; (d) making it more costly and difficult for CSMS physicians to maintain and enhance the availability and quality of care that all patients receive; and (e) increasing the costs of rendering healthcare services in Connecticut as a result of the additional costs incurred, and considerable effort expended, by CSMS physicians in seeking reimbursement from defendant for services rendered.

7

## **BACKGROUND**

12.     Anthem is among the largest health insurers in the Connecticut area, selling a variety of healthcare insurance products.  Each healthcare product offered by Anthem in the State of Connecticut allows members to select physicians from a network of participating physicians.

13.     As described on Anthem's website, Anthem has, over the last seven years, exhibited a pattern of acquiring health plan after health plan across the United States in a "journey toward becoming a competitive, national organization."

14.     Anthem's numerous acquisitions and its cost-cutting measures are all part of its overall plan to turn the company into a "competitive, national organization" and achieve its overall financial objectives, including one of its goals, to take the company public.

15.     Specifically, during 1997, meetings were held by senior management for Anthem who advised utilization and claims review personnel that one of Anthem's goals was to ultimately transform the company from a non-profit organization to a publicly traded for-profit corporation.

16.     In order to achieve this goal, Anthem's management was required to embark upon an ambitious transformation of the organizational and corporate structure of

8

the company, requiring Anthem to dramatically increase its revenues and enrollment while simultaneously drastically reducing "per-member, per month" ("PMPM") costs by, among other things, limiting access to and utilization of healthcare services.

17.    Anthem's wrongful delays and denials of payments to CSMS physicians are part of its improper, unfair and/or deceptive scheme aimed at reducing its PMPM costs in an effort to improve its "bottom line" and transform its organization into a for-profit, "competitive, national organization."

18.    As will be discussed in greater detail below, CSMS participating physicians are required to enter into a non-negotiable agreement with Anthem. Although the terms of the agreement are far less favorable to the physicians than to the defendant, physicians are willing to participate in defendant's health plans both to increase and maintain their patient volume, and to make finite and necessary healthcare services available to as many people in the community as possible. Defendant's practices during the relevant period of wrongfully delaying, impeding, denying, or reducing payment for all or part of the health care services provided by CSMS physicians, and causing CSMS physicians to incur substantial time and expense in submitting claims, has harmed CSMS physicians in ways they could not have contemplated under the facially onerous terms of

9

the agreement and threaten to jeopardize their ability to continue providing healthcare services to plan members and the community at large.

## The Terms Of The Contracts

19.     At all relevant times, the relationships between CSMS physician members and defendant have been governed by contracts for the provision of CSMS physician members' healthcare services to defendant's plan members. The pertinent or relevant terms of the contracts that each of the CSMS physicians have entered into with defendant that are at issue in this case are identical or substantially similar. These contracts all provide that the CSMS physicians agree to render medically necessary healthcare services to defendant's plan members in exchange for reimbursement from defendant at specified rates within a specified period of time. Specifically, each of the contracts the CSMS physicians have entered into with defendant provides that in exchange for providing covered services, physicians will receive "payment in full for his/her/its Covered Services...as set forth in Schedule B." In this regard, these contracts provide that physicians shall "provide Covered Services in accordance with applicable laws and standards of care and skill prevailing in the Provider's practice community."

10

DRUBNER, HARTLEY, O'CONNOR & MENGACCI, L.L.C  ATTORNEYS AT LAW
500 CHASE PARKWAY, WATERBURY  CONNECTICUT 06708
JURIS #16922  •  (203) 753-9291  •  FAX # (203) 753-6373

## Defendant's Failure To Provide Participating Physicians With Sufficient Information

20.     Despite requests by participating physicians to do so, Anthem has refused to provide participating CSMS physicians with fee schedules to be applied to the codes for covered procedural terminology recognized by physicians and insurers for reimbursement (hereinafter referred to as "CPT Codes"). Anthem is therefore at liberty to amend the fee schedules without notice to, or consultation with, the participating CSMS physicians.

21.     In addition, in order to receive payment under the contract, CSMS physicians are required to submit "clean claims" that comply with defendant's administrative policies and procedures within 120 days of providing the Covered Service. Payment in full is due within 60 days of "receipt of a clean claim, as described in the Administrative Policies and Procedures and determined by Anthem BC&BS in its sole discretion."

22.     Although defendant agrees to "communicate the Administrative Policies and Procedures to the Provider," participating CSMS physicians are not informed with respect to the guidelines followed by defendant in determining whether a claim is "clean." Moreover, under the terms of the agreement, defendant is not bound to follow a consistent set of guidelines, rather, it is at liberty to change the guidelines from one claim

11

DRUBNER, HARTLEY, O'CONNOR & MENGACCI, L.L.C ATTORNEYS AT LAW
500 CHASE PARKWAY, WATERBURY, CONNECTICUT 06708
JURIS #16922 • (203) 753-9291 • FAX # (203) 753-6373

to another. Defendant has used its discretion to wrongfully deny and/or delay payment to

participating physicians and in so doing have frustrated the purposes of the contract and

violated their implied duty of good faith and fair dealing.

23.     Moreover, according to the express terms of the agreement, participating

CSMS physicians are also required to cooperate with defendant in their efforts to conduct

utilization/quality management. The agreement states that:

> [t]he Provider shall cooperate with Anthem BC&BS in its conduct of
> Utilization/Quality Management including, without limitation, Quality
> Management site visits. He/she agrees that payment for any claim may be
> reduced or denied if Anthem BC&BS or its designee makes a Utilization /Quality
> Management determination that healthcare services provided by the Provider
> were not Covered Services because they were not medically necessary or were
> otherwise not eligible for payment under the applicable Plan.

24.     As the foregoing paragraph indicates, defendant employs "utilization

review" systems to determine whether healthcare services are medically necessary.

Neither the agreement nor any other document provided to participating CSMS

physicians contains any guidelines, policies, or procedures for determining whether a

healthcare service is "medically necessary." Much like the determination with respect to

whether a claim is "clean," the determination of medical necessity is within the sole

discretion of the defendant, and is subject to change from one claim to another.

12

25. As set forth in detail below, contrary to the terms of these agreements, defendant has refused to pay for all or a portion of the medically necessary healthcare services provided by CSMS physicians to defendant's plan members and has delayed or reduced payment for other services. Additionally, defendant has failed to act in good faith, choosing instead to wrongfully exploit the utilization review process to delay and deny payment, and/or to compromise CSMS physicians' ability to receive the reimbursement to which they are entitled.

## Anthem's Improper and Unfair Contracting Policies and Practices

26. In order to treat patients who are insured by Anthem, Anthem requires CSMS physicians to enter into the aforementioned physician agreements with Anthem.

27. In addition, if physicians refuse to sign Anthem's one-sided physician agreements, those physicians are effectively prevented from seeing and treating patients, including long-time patients, who receive their health insurance through one of Anthem's plans.

28. In effect, physicians who object to contract provisions contained in Anthem's physician agreements are faced with an untenable choice. They can either accept these agreements that are unfair to both physicians and patients, or they can choose to no longer treat patients who are insured by Anthem.

13

### Defendant's Wrongful Denial Of Reimbursement For Medically Necessary Healthcare Services

29.   To avoid making timely and complete payments under its agreements, Anthem designed and has engaged in an unfair and/or deceptive scheme aimed at CSMS physicians, that adversely affects CSMS physicians, the defendant's plan members, and the general public, whereby Anthem delays, impedes, denies, or reduces payment of legitimate claims for reimbursement for medically necessary healthcare services rendered by CSMS physicians to defendant's plan members.  Defendant has employed, and continue to employ, a variety of means to carry out their improper, unfair and/or deceptive scheme, as detailed below.

### Downcoding

30.   Anthem routinely and unjustifiably reduces payment to participating physicians for healthcare services rendered by "downcoding" the appropriate CPT Code submitted by a physician to a code with a lower reimbursement rate.  The purpose and result of this automatic "downcoding" is to reduce payments due to physicians. Defendant engaged in these "downcoding" procedures through the use of software utilized by the defendant that is not based on medical necessity grounds and which downcodes claims.  The sole purpose of this practice is to arbitrarily and wrongfully reduce payments to physicians.

14

31.     In contravention of AMA regulations, defendant downcodes claims by

utilizing a software program which is not designed for that purpose. In reality, such

programs are designed specifically to monitor, identify and measure only the frequency

of codes submitted by a given physician, not to determine whether a claim should be paid

or denied. This is known as "patterns" review. If the computer program identifies a

given physician as an outlier who performs certain services more frequently than other

physicians, the program will flag that physician's claim for that service. The program is

intended to be used only for such identification of outliers, to enable a review of whether

the frequently-provided service is in fact medically appropriate in a given instance.

Nevertheless, defendant improperly uses the program to identify claims so that they can

automatically downcode such claims, without performing a chart audit or review to

determine whether the downcoding is appropriate.

32.     These kinds of "reviews" are known by the AMA as "black box edits"

because they are based upon statistical data that are not available or reviewable by

physicians or the AMA. In fact, despite the fact that the downcoding has been repeatedly

shown to have been erroneously performed, when such downcodes are appealed,

defendant routinely upholds the downcoding, without providing any explanation (as is

required to be in compliance with proper evaluation and management ("E/M") coding and

15

documentation guidelines). Furthermore, defendant performs these reviews without

performing a documented review by a certified procedural coder or any other qualified

expert in coding and documentation.

**Bundling/Global Periods**

33.     In cases where multiple healthcare services are provided to a patient on the

same day or in the same visit, Anthem routinely and unjustifiably refuses to pay for all or

part of the healthcare services provided -- a practice known as "bundling." Anthem also

routinely and unjustifiably denies payment for treatments that fall within its ever-

expanding "global period" (a period during which additional follow-up treatment is

included in the original cost of coverage for a procedure), notwithstanding the fact that

the additional treatment is wholly unrelated to the treatment for which the global period is

applicable.  There are "global periods" associated with major and minor surgeries during

which these associated services are presumed to be part of the "package."  These periods

range from zero or ten days for minor surgeries to 90 days for major surgeries.  In fact,

AMA rules require that doctors additionally be paid for unrelated E/M services that are

performed in addition to the "package" surrounding medically indicated procedure, even

when the services are provided during the "global period" of the procedure. Defendant,

nevertheless, systematically and wrongfully denies payment for such services.

16

**Modifiers**

34.     Anthem routinely and unjustifiably denies increased level of
reimbursement or "modifiers" for complicated cases that require participating physicians
to expend additional time and resources.  Physicians also use "modifiers" when billing a
service or procedure that is particularly complicated or otherwise out of the ordinary, so
that they may be properly compensated for the elevated level of care attendant to more
complicated services.

35.     Under  AMA rules, no additional documentation is required for doctors to
be paid for these additional or more complex services.  Significantly, there is no
provision for non-payment, downcoding, or change or type of service with the use of
modifiers in the AMA or CPT rules.

## Defendant's Wrongful Denial Of Medical Claims To Achieve Internal Financial Targets

36.     Anthem also systematically denies claims in order to achieve financial
benchmarks without regard for individual medical needs.  Anthem employees who are
either unwilling or unable to engage in this practice are reprimanded and/or terminated.
During the Relevant period, in an effort to reduce PMPM costs, Anthem began to track
claims personnel's approval of member services.  Utilization and claims personnel were
instructed by Anthem that certain targets and goals were established for utilization of

17

healthcare services, including, <u>inter alia</u>, hospital stays, skilled nursing facility utilization
and home care utilization.  Anthem would then monitor and track claims personnel's
compliance with the targets set by management.

37.    If a specific target was not met, the UM supervisor responsible for
overseeing the particular claims personnel would be reprimanded by senior management
and verbally warned that there would be serious ramifications if a particular target was
not met the following month.  The UM supervisor would then communicate this
information to his or her staff.

38.    Conversely, claims personnel could receive a bonus (as much as 25% of
their salary) based upon whether the savings were achieved through attainment of the
company's utilization targets.  Anthem's criteria to determine medical necessity are not
based upon individual medical need, but rather Anthem applies its criteria to meet its
financial goals and utilization targets.  For example, at the end of the month, in order to
meet cost-cutting targets, medical necessity criteria are interpreted more strictly.

39.    Anthem closely monitors the utilization rates of participating physicians,
and penalizes them for "high utilization."  During the Relevant period, Anthem, in order
to reduce utilization of healthcare services, established an undisclosed policy to mine
claims data to identify high utilizing providers and work with them on *corrective action*

18

*plans or terminate them.*" (Emphasis added). In essence, Anthem punishes doctors for making medical decisions based solely on their independent clinical judgment, rather than on the goal of utilization reduction.

## Anthem Improperly Influences Claims Administrators

40.     Anthem's claims administrators are responsible for the review, and ultimate approval or denial, of claims for health care services. Anthem, through its undisclosed systemic internal policies and practices, places tremendous pressure on these claims administrators to achieve cost targets by reducing the overall utilization of healthcare services.

41.     Anthem drastically reduced the number of UM staff handling member inquiries in the UM department. Anthem instituted a policy limiting the amount of time that may be spent reviewing a case to just a few minutes. These policies result in coverage often being denied arbitrarily and unnecessarily. Therefore, healthcare services recommended by CSMS physicians will routinely be denied by a non-physician reviewer basing their determinations on arbitrary guidelines, in some instances, even after the services have been provided. In fact, even if a physician reviewer is involved at all in the review of a case, he or she will routinely rubber stamp the guideline-based denial without an independent consideration of the medical necessity of the services involved, and

19

without consulting a physician with expertise in the particular area of medicine relevant to the case under consideration.

42.      Compounding the pressures placed upon the UM staff to deny coverage are the instructions by non-physician utilization staff that review nurses should remain focused on their financial targets when making their utilization determinations.

43.      Moreover, clinical review nursing staff have been given psychological testing to assess their ability to make decisions based on financial considerations at the expense of member healthcare. Nurses who received unfavorable assessments in this regard were told that they would have to learn to make decisions based on financial considerations or face termination.

44.      In addition, during this time, Anthem also reduced the salaries of clinical staff nurses, thereby rendering these decision-makers more susceptible to financial incentives geared toward reducing coverage approvals.

45.      By subjecting its utilization management staff to these extreme pressures, Anthem has made it virtually impossible for its UM staff to perform its function of properly assessing each individual claim for medical necessity.

20

### Anthem Implements A System of Financial Rewards and
### Punishments Upon UM Staff In Order To Meet Cost Targets

46.     Anthem's UM staff are given financial incentives to attain cost-cutting

benchmarks (by cutting utilization), and are punished when these goals are not met, a

policy that clearly encourages UM staff to render more denial decisions in their reviews.

47.     In fact, during the relevant period, in an effort to reduce PMPM costs,

Anthem began to track claims personnel's approval of member services. Claims

personnel were instructed by Anthem that certain targets and goals were established for

measuring member utilization of healthcare services, including, inter alia, hospital stays,

skilled nursing facility utilization and home care utilization. Anthem would then monitor

and track on a monthly basis, claims personnel's compliance with the targets and goals set

by management.

48.     The UM staff and supervisor in charge of each group is given

responsibility for meeting the monthly financial goals for his or her particular division. If

a specific target was not met in a particular month, the medical manager responsible for

overseeing the particular claims personnel would be reprimanded by senior management

and verbally warned that there would be serious ramifications if that particular target was

not met the following month. The medical manager would then communicate this

information to his or her staff.

.

21

49.     Indeed, Anthem's internal utilization management policies state that days

of care and other cost savings performance targets have been clearly communicated to the

Utilization Management Department management staff and *variance from these targets*

*is reported, analyzed, and acted on at least quarterly.*  (Emphasis added.)

50.     As a consequence of these policies and procedures, all of the medical

management staff involved in utilization management must either meet the dictated

monthly financial targets by all means necessary or risk losing their jobs.  In addition,

medical managers routinely review the financial information for their respective divisions

mid-month, and often more closely scrutinize claims toward the end of the month in an

effort to meet the monthly targets.

### Anthem Monitors and Penalizes Physicians for High Utilization

51.     Likewise, participating physicians are monitored for utilization and are

reprimanded and/or terminated for high utilization.  As set forth above, Anthem

improperly employs the use of computer software programs to arbitrarily deny claims

submitted by physicians who have been identified as having a high rate of utilization.

### Defendant's Improper Use Of M&R Guidelines

52.     Significantly, defendant's contracts with physicians require that

participants "provide Covered Services in accordance with applicable laws and standards

22

of care and skill prevailing in the Provider's practice community." Contrary to

defendant's contractual undertakings, Anthem has adopted systemic internal policies to

govern the medical necessity determination process which are in direct conflict with

applicable laws and standards of care and skill prevailing in the community. Anthem

does not make medical necessity decisions in accordance with applicable professional

and legal standards. Instead, Anthem surreptitiously uses inappropriate and inaccurate

"guidelines" for these crucial decisions.

53.     To make these decisions, Anthem utilizes clinical guidelines promulgated

by third party actuarial companies, including those developed and marketed by Milliman

and Robertson ("M&R") as a means to control healthcare expenses through application of

its stringent guidelines. Anthem's primary purpose in relying on M&R and related

guidelines is to reduce medical expenses by minimizing the level of medical care that it

must cover, in its ongoing efforts to maximize its bottom line.

54.     The M&R guidelines set forth the level of medical care for which Anthem

will provide coverage for its subscribers, including the number of days of hospitalization

permitted for a particular condition and when members will be referred to specialists.

55.     The M&R guidelines are not "based on sound scientific research findings,

professional literature, clinical experience, appropriate, well-recognized methodologies,"

23

and do not "reflect the standard of care practiced in the medical/hospital community in the clinical practice of medicine," as is required by The Board of Trustees of the American College of Medical Quality.

56.     Instead, M&R uses actuarial tables to identify the amount of medical care (including length of hospital stays) required in the "optimal" or "best case" circumstances. M&R develops its guidelines by determining, on an actuarial basis, the 10 percent of patients who had the shortest length of hospitalization for particular treatments and setting this as the standard, rather than attempting to establish appropriate guidelines for the "average" or most common patient. In other words, *fully 90 percent* of the patients sampled by M&R needed *more* hospitalization than what the M&R guidelines recommend, and yet M&R's recommendations are used by Anthem as the standard by which to judge *all* coverage decisions based on medical necessity.

57.     Because the M&R guidelines are based on the experiences of a small minority of patients who respond much more favorably to surgery or other treatment than the average individual, the "optimal" scenarios they describe usually are inappropriate for the average patient. As a result, the M&R guidelines for various procedures and illnesses generally call for a hospital discharge in less than half the time spent by the average patient. As explained in a report by the Public Advocate of New York, "the detailed and

24

controversial [M&R] practice guidelines . . . are considerably shorter" than both national

averages and the recommendations of most medical specialty organizations, and "are

based on >best cases' when, in fact, many cases have complications." *What Ails HMOs B*

*A Consumer Diagnosis and Rx* (January 1996) at 5. As an example, M&R prescribes that

mild stroke patients be discharged from the hospital within two days, while the American

Heart Association concludes that such patients need at least a week of hospitalization.

Moreover, "while M&R recommends discharging a [double] bypass patient in four days,

the national average is currently eight days." *Id.* at 78. Other "extremely short" M&R

recommendations for a hospital length of stay include: four days for a heart attack, two

days for pneumonia, one day for removal of a ruptured disc, one day for a modified

radical mastectomy, one day for a gallbladder removal, one day for an appendectomy,

and a mere *6-12 hours* for a tonsillectomy or a vaginal delivery. *Id.*

     58.     As a result of Anthem's adoption and inappropriate use of the M&R

guidelines, its members are frequently denied coverage for treatment that is in fact

medically necessary but has been deemed unnecessary when measured by the unrealistic

M&R guidelines. These determinations are sometimes made retroactively, after

treatment has been provided, forcing CSMS physicians to absorb the cost. Where the

determination is made prior to treatment, CSMS physicians are forced to expend time and

25

resources appealing decisions. In these situations members are often in dire medical
need, and time is crucial.

    59.    In addition to the M&R guidelines' being used as a basis for the denial of
coverage, the monitoring of physicians' utilization rates described above is based upon an
assessment of their adherence to or divergence from targets set forth in the M&R
guidelines, including:

- emergency room utilization of patients by primary care physicians;

- referrals to specialists by primary care physicians;

- average number of member visits to specialists;

- mental health or behavior health utilization; and

- percentage of procedures performed inpatient that are typically outpatient
  procedures.

DRUBNER, HARTLEY. O'CONNOR & MENGACCI, L.L.C. ATTORNEYS AT LAW
500 CHASE PARKWAY, WATERBURY, CONNECTICUT 06708
JURIS #16922 • (203) 753-9291 • FAX # (203) 753-6373

60.     Through improper application of M&R guidelines, Anthem's claims

handlers deny claims without regard to the medical necessity of the members, and

without clinical review and/or consultation. For instance, a participating physician was

denied authorization to provide continued postoperative inpatient treatment three days

after a member patient was operated on by the physician. Although the denial of services

was purportedly based on a "physician review of the medical information provided" the

text of the letter did not contain the name of the physician nor did it contain information

with respect to the medical basis for the determination. As this example demonstrates,

without considering individual factors impacting patients, such as comorbidities and

other relevant clinical data, Anthem will deny reimbursement for healthcare services as

being unnecessary, even though the plan members' attending physicians have determined

that particular healthcare services are necessary.

### Defendant's Failure To Provide Adequate Staffing

61.     Anthem has created and maintained an administrative system that is

inefficient and designed to frustrate payment of participating physicians by requiring

physicians to make excessive telephone inquiries prior to obtaining pre-certification for

approval to provide healthcare services, and in order to seek reimbursement.

Participating physicians are routinely put on hold for extended periods of time and are

27

routinely required to talk to numerous individuals prior to having their call directed to the proper authority. Furthermore, failure to comply with any administrative policy or procedure is grounds for denial of payment. For instance, Anthem denied payment to a physician who provided emergency medical services to a plan member for failure to obtain pre-certification, notwithstanding the fact that the physician diligently sought out the patient's insurance information and, through no fault of his own, was given incorrect information as to the identity of the patient's insurer.

Defendant's Failure To Make Timely Payments And Pay Interest

62.    Pursuant to the terms of its contracts with CSMS physicians, Anthem is required to pay claims for reimbursement within a specified period of time. In violation of these terms, Anthem routinely and unjustifiably fails to make payments for proper claims within the contractually allotted time period.

63.    Additionally, pursuant to Connecticut General Statutes § 38a-816(15), Anthem is required to make payment to the CSMS physicians within 45 days of receipt of the bill for healthcare services rendered to defendant's plan members, unless the bill is disputed in good faith. In direct contravention of this requirement, Anthem routinely and unjustifiably fails to make payments within the statutorily prescribed time period. Moreover, defendant fails to pay interest for claims that are improperly withheld.

28

DRUBNER, HARTLEY, O'CONNOR & MENGACCI, L.L.C. ATTORNEYS AT LAW
500 CHASE PARKWAY, WATERBURY, CONNECTICUT 06708
JURIS #16922 • (203) 753-9291 • FAX # (203) 753-6373

64.     Moreover, pursuant to § 38a-816(15) Anthem is required to notify the CSMS physicians in writing, within 30 days of receipt of a bill for healthcare services rendered to defendant's plan members that it is disputing all or a portion of a bill. Anthem routinely and unjustifiably fails to comply with the provisions of this statute.

65.     Similarly, after a denial has been overturned on appeal, Anthem fails to pay interest for the period during which reimbursement was wrongfully withheld.

## The Impact Of Defendant's Scheme

66.     As a result of Anthem's failure to cooperate with CSMS physicians in reimbursing them for medically necessary healthcare services rendered to defendant's members, CSMS physicians have not received monies to which they are contractually entitled and have been required to expend an unreasonable amount of time and resources in efforts to obtain these monies.

67.     Over the past several years, Anthem has increasingly applied the foregoing improper policies and practices, resulting in the rapid rise in the number of wrongful denials of claims for reimbursement.

68.     In addition to the loss of lawful reimbursement, CSMS physicians have been required to expend large sums attempting to compel Anthem to pay monies owed.

29

69.     Anthem's improper, unfair and deceptive course of conduct and business practices have resulted in great harm to the practices of CSMS physicians.

70.     Anthem's unfair and deceptive course of conduct and business practice has forced the CSMS to devote significant resources to handle physician inquiries and counsel physicians in an effort to identify and counteract the harm caused by Anthem as set forth in this Complaint.

## FIRST COUNT (VIOLATION OF CUTPA)

71.     CSMS incorporates by reference the foregoing paragraphs as if fully set forth herein and further allege as follows.

72.     CUTPA prohibits businesses from using unfair or deceptive acts or practices in conducting their business.

73.     In violation of CUTPA, defendant has engaged in wide-ranging variety of unfair and deceptive acts and practices in conducting its business that have caused considerable loss to CSMS physicians. These acts and practices jeopardize both the quality of medical care in the State of Connecticut and the ability of the people within the state to obtain the range of medical services and physicians that should be available to them.

30

74.     Contrary to defendant's representations and obligations, defendant has unfairly and deceptively employed an arsenal of acts and practices designed to delay, hinder, reduce and/or eliminate making payments to CSMS physicians for covered services provided to defendant's plan members.

75.     As described above, the unfair and deceptive acts and practices employed by defendant in violation of CUTPA include:

a.     Systematically denying and/or reducing physicians' reimbursement for medically necessary services through (i) improper bundling; (ii) improper downcoding; (iii) failing to pay modifiers; (iv) improper application of global periods; and (v) improper use of patterns review software;

b.     Denying medically necessary claims through the improper use of so-called "guidelines" which do not comply with accepted medical treatment standards;

c.     Failing to adequately disclose material information regarding defendant's fees schedules and arbitrarily altering these policies and schedules without adequate disclosure;

d.     Forcing physicians and their staff to expend an unreasonable amount of time and resources attempting to obtain the reimbursement to which they are entitled;

31

e.     Failing to make payments within the time periods allotted under the contracts and applicable Connecticut State law;

f.     Failing to pay interest on late claims as required under applicable Connecticut State law;

g.     Failing to provide an adequate explanation for the denial of claims for reimbursement;

h.     Failing to ensure that procedures exist so that physicians' claims for reimbursement are appropriately and adequately considered in a timely manner, both initially and in the appeals process;

i.     Exploiting the parties unequal bargaining power in order to force physicians to enter into one-sided contracts on a take it or leave it basis; and

j.     Refusing to negotiate with physicians regarding the terms of these contracts, even when they impact significant quality of care issues.

76.     Indeed, that defendant's conduct violates CUIPA in and of itself constitutes a violation of CUTPA.

77.     The many unfair and deceptive acts and practices that defendant has used in conducting its business have proximately caused CSMS physicians to suffer financial losses and increased overhead to such an extent as to jeopardize the financial wherewithal

32

of the physicians' medical practices themselves, as well as their ability to continue to provide their patients appropriate medical care in the face of defendant's egregious conduct.

78.     The unfair and deceptive acts and practices which defendant's have engaged in also infringes on the physician-patient relationship as well as to the goodwill and professional standing of the CSMS physicians' medical practices.

79.     Defendants' unfair and deceptive course of conduct and business practices have forced the CSMS to devote significant resources to handle physician inquiries and counsel physicians in an effort to identify and counteract the harm caused by Anthem as set forth in this Complaint.

80.     The egregiousness of the defendant's systematic and widespread practice of deception warrants the issuance of an injunction enjoining the defendant from engaging in the numerous deceptive acts and practices described above as well as reasonable attorneys' fees and costs, as are specifically provided for under CUPTA.

33

DRUBNER, HARTLEY, O'CONNOR & MENGACCI, L.L.C. ATTORNEYS AT LAW
500 CHASE PARKWAY, WATERBURY, CONNECTICUT 06708
JURIS #16922  •  (203) 753-9291  •  FAX # (203) 753-6373

## PRAYER FOR RELIEF

WHEREFORE, CSMS demands that this Court enter judgment against defendant as follows:

a.    Declaring that defendant's practices as described herein are in breach of the contracts between the parties and are against public policy;

b.    Awarding CSMS permanent injunctive relief prohibiting, restraining, and enjoining defendant from: (i) continuing to direct its internal agents to reduce or fully deny reimbursement without regard to the validity or necessity of the services provided; (ii) continuing to employ so-called "guidelines" in an unintended manner to deny claims for reimbursement; (iii) continuing to bundle claims for separate procedures thereby denying CSMS physicians all or part of the payment due for some procedures; (iv) denying payment of modifiers for cases that involve excessive time and resources; (v) continuing to downcode procedures performed by CSMS physicians; (vi) continuing to use software that automatically downcodes healthcare services provided by CSMS physicians; (vii) continuing to deny reimbursement to CSMS physicians who are identified as "high utilizers"; (viii) continuing to violate provisions of Connecticut statutory law regarding payment and interest; (ix) forcing physicians and their staff to expend an unreasonable amount of time and resources attempting to obtain the

34

reimbursement to which they are entitled; (x) failing to provide an adequate explanation for the denial of claims for reimbursement; (xi) failing to ensure that procedures exist so that physicians' claims for reimbursement are appropriately and adequately considered in a timely manner, both initially and in the appeals process; (xii) exploiting the parties unequal bargaining power in order to force physicians to enter into one-sided contracts on a take it or leave it basis; and (xii) otherwise interfering with or obstructing the right to full and timely reimbursement to CSMS physicians .

     c.     Awarding CSMS its costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

     d.     Granting such other and further relief as the Court deems just and proper.

35

DRUBNER, HARTLEY, O'CONNOR & MENGACCI, L.L.C. ATTORNEYS AT LAW
500 CHASE PARKWAY, WATERBURY, CONNECTICUT 06708
JURIS #16922 • (203) 753-9291 • FAX # (203) 753-6373

Dated: February 14, 2001

THE PLAINTIFF

By: _____

James E. Hartley, Jr.
Gary B. O'Connor
H.C. Kwak
DRUBNER HARTLEY O'CONNOR
& MENGACCI, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
Tel:    (203) 753-9291
Fax:    (203) 753-6373

Melvyn I. Weiss
Edith M. Kallas
Joseph P. Guglielmo
Charles S. Hellman
MILBERG WEISS BERSHAD
HYNES & LERACH LLP
One Pennsylvania Plaza
New York, NY 10119-0165
Tel:    (203) 594-5300
Fax:    (203) 868-1229

Gregory J. Pepe
NEUBERT, PEPE & MONTEITH. P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026
Tel:    (203) 821-2000
Fax:    (203) 821-2009

36

Stanley M. Grossman
D. Brian Hufford
POMERANTZ HAUDEK BLODK
GROSSMAN & GROSS LLP
100 Park Avenue, 26th Floor
New York, NY 10017-5516
Tel:    (212) 661-1100
Fax:    (212) 661-8665

David R. Scott
James E. Miller
SCOTT & SCOTT, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Tel:    (860) 537-5537
Fax:    (860) 537-4432

Jeffrey L. Kodroff
SPECTOR, ROSEMAN
& KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel:    (215) 496-0300
Fax:    (215) 496-6611

*Its Attorneys*

37

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONNECTICUT STATE MEDICAL
SOCIETY,

Plaintiff,

*v.*

ANTHEM HEALTH PLANS, INC.,

Defendant.

**301CV004 ⸱ ⸱**

Civil Action_____

March 16, 2001

## NOTICE OF FILING PETITION IN STATE COURT

The undersigned represents that, on March 16, 2001, he filed with the Clerk of the

Superior Court of the State of Connecticut, Judicial District at New Haven, 235 Church Street,

New Haven, Connecticut, a copy of the petitioner/defendant's Petition for Removal by filing said

copy with the Clerk of the Superior Court, New Haven Judicial District, 235 Church Street, New

Haven, Connecticut.

Respectfully submitted,

ANTHEM HEALTH PLANS, INC.

By: _____

Patrick M. Noonan (Fed. Bar # ct00189)
Michael G. Durham (Fed Bar # ct05342)
DELANEY, ZEMETIS, DONAHUE,
  DURHAM & NOONAN
741 Boston Post Road
Guilford, CT 06437

**DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

Craig A. Hoover (Fed. Bar # ct21931)
Jeffrey Pariser (Fed. Bar # ct22245)
Jeremy T. Monthy (Fed. Bar # ct22244)
555 13th Street, N.W.
Washington, DC 20004
(202) 637-5600

Attorneys for Defendants

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the
above-written date, to:

James E. Hartley, Jr.
Drubner, Hartley, O'Conner & Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
        Tel: (203) 753-9291    Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
        Tel: (203) 821-2000    Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
        Tel: (203) 594-5300    Fax: (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY
        Tel: (212) 661-1100    Fax: (212) 661-8665

2

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
        Tel: (860) 537-5537    Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
        Tel:  (215) 496-0300  Fax:  (215) 496-6611

Patrick M. Noonan

3

| DOCKET NO. CV-01-0448287-S | : | SUPERIOR COURT |
| CONNECTICUT STATE MEDICAL SOCIETY | : | J.D. OF NEW HAVEN |
| vs. | : | AT NEW HAVEN |
| ANTHEM PLANS, INC. | : | March 16, 2001 |

## NOTICE OF FILING PETITION FOR REMOVAL

PLEASE TAKE NOTICE that, on March 16, 2001, the defendant, Anthem Health Plans,

Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut ("Anthem"), filed its Petition for

Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States

District Court for the District of Connecticut.

You also are advised that the aforesaid defendant, upon filing of the Petition for Removal,

filed a copy of the Petition with the Clerk of the Superior Court, Judicial District of New Haven

at New Haven, in accordance with Section 1446(d) of Title 28 of the United States Code.

THE DEFENDANT
ANTHEM PLANS, INC.

By: _____

Patrick M. Noonan
Delaney, Zemetis, Donahue,
   Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL. (203) 458-9168 • FAX. (203) 458-4424
JURIS NO 415438

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed. postage prepaid, on the above-written date, to:

James E. Hartley. Jr.
Drubner, Hartley, O'Conner & Mengacci. L.L.C.
500 Chase Parkway
Waterbury, CT 06708
      Tel: (203) 753-9291    Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
      Tel: (203) 821-2000    Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
      Tel: (203) 594-5300  Fax: (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY
      Tel: (212) 661-1100    Fax: (212) 661-8665

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
      Tel: (860) 537-5537    Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
      Tel: (215) 496-0300  Fax: (215) 496-6611

Patrick M. Noonan

2

3|16  c UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



## ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the Judge to whom this is case is assigned. the parties shall adhere to the following deadlines:

(a)    In accordance with Local Civil Rule 38, within thirty days of the appearance of a defendant. the parties shall confer for the purposes described in Fed. R.Civ. P. 26(f). Within ten days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules.

(b)    All motions relating to joinder of parties, claims or remedies. class certification. and amendment of the pleadings shall be filed within 60 days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District

(c)    All motions to dismiss based on the pleadings shall be filed within 90 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d)    Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 38 but parties may commence formal discovery immediately thereafter without waiting entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at anytime. Unless otherwise ordered, discovery shall be completed within 6 months after the filing of the complaint. the filing of a petition for removal, or the date of transfer of an action from another District

(e)    Unless otherwise ordered, all motions for summary judgment shall be filed within 7 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District.

Unless specifically ordered by the Court. an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court
Kevin F. Rowe. Clerk

---

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases. which appears in the Appendix to the Local Civil Rules

(Rev. 9/29/00)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONNECTICUT STATE MEDICAL
SOCIETY,

                    Plaintiff,

        v.

ANTHEM HEALTH PLANS, INC.,

                    Defendant.

CIVIL ACTION NO. 3:01 CV 428 (AWT)

March 20, 2001

## MOTION FOR EXTENSION OF TIME

Defendant hereby moves, pursuant to Local Civil Rule 9(b), for a 30-day extension of

time beyond the time of the Court's decision on the plaintiff's motion to remand, within which to

file a response to plaintiff's complaint. This extension is necessary because the issues raised in

the complaint are complex and defense counsel needs additional time to frame a response.

Plaintiff's counsel has indicated that he intends to file shortly a motion to remand the case

to State Court and that he has no objection to the granting of this motion.

This is the first such request for an extension of time.

                                        THE DEFENDANT
                                        ANTHEM HEALTH PLANS, INC.

**Extension GRANTED, to and including
June 30, 2001. It is so ordered.**

Alvin W. Thompson, U.S.D.J.
Hartford, CT

                            By: _____
                                Patrick M. Noonan (Fed. Bar # ct00189)
                                Michael G. Durham (Fed Bar # ct05342)
                                DELANEY, ZEMETIS, DONAHUE,
                                  DURHAM & NOONAN
                                741 Boston Post Road
                                Guilford, CT  06437

**DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK   •   741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168  •  FAX:  (203) 458-4424
JURIS NO. 415438

Craig A. Hoover (Fed. Bar # ct21931)
Jeffrey Pariser (Fed. Bar # ct22245)
Jeremy T. Monthy (Fed. Bar # ct22244)
555 13th Street, N.W.
Washington, DC 20004
(202) 637-5600

2

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

James E. Hartley, Jr.
Drubner, Hartley, O'Conner & Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
 Tel: (203) 753-9291     Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
 Tel: (203) 821-2000     Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
 Tel: (203) 594-5300     Fax: (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY 10017
 Tel: (212) 661-1100     Fax: (212) 661-8665

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
 Tel: (860) 537-5537     Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
 Tel: (215) 496-0300     Fax: (215) 496-6611

Michael G. Durham

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CONNECTICUT STATE MEDICAL SOCIETY,     : CIVIL ACTION NO. 3:01CV428AWT
    Plaintiff       :
VS.            :
             :
ANTHEM HEALTH PLANS, INC.    :
    Defendant     : MARCH 23, 2001

**NOTICE OF APPEARANCE**

TO: Clerk of the Court
  U.S. District Court
  District of Connecticut
  450 Main Street
  Hartford, CT 06103

Please enter the appearance of the undersigned attorneys for the Plaintiff, Connecticut

State Medical Society.

Dated at Waterbury, Connecticut this 23rd day of March, 2001.

PLAINTIFF,
CONNECTICUT STATE MEDICAL
SOCIETY

By_____
James E. Hartley, Jr. (#ct 08275)
Drubner, Hartley, O'Connor &
Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
(203)753-9291
Its Attorneys


By_____
Gary B. O'Connor (#ct 11216)
Drubner, Hartley, O'Connor &
Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
(203)753-9291
Its Attorneys


By_____
H.C. Kwak (#ct 19957)
Drubner, Hartley, O'Connor &
Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
(203)753-9291
Its Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed. postage prepaid. on this 23rd day of March, 2001 to the following parties:

Patrick M. Noonan. Esq.
Delaney. Zemetis, Donahue. Durham &
Noonan. P.C.
Concept Park
741 Boston Post Road
Guilford. CT  06437

James E. Hartley. Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONNECTICUT STATE MEDICAL
SOCIETY,

        Plaintiff,

     *v.*

ANTHEM HEALTH PLANS, INC.,

        Defendant.

CIVIL ACTION NO. 3:01CV428 (AWT)

March 23, 2001

## MOTION FOR ADMISSION OF ATTORNEY PRO HAC VICE

Pursuant to Local Rule 2(d), defendant, Anthem Health Plans, Inc., through its undersigned counsel, hereby move for the admission of Jeremy T. Monthy as attorney *pro hac vice.* In support of its motion, the undersigned represents:

1.      Attorney Monthy is an associate with the law firm of Hogan & Hartson, Columbia Square, 555 Thirteenth Street, NW, Washington, DC 20004-1109, (202) 637-5600.

2.      Attorney Monthy is an active member of the bars of the District of Columbia since August 4, 2000, and the State of New York since January 25, 2000.

3.      Attorney Jeremy T. Monthy does not have any grievance pending against him, has never been reprimanded, suspended, placed on inactive status, disbarred, nor has ever resigned from the practice of law.

ORDERED ACCORDINGLY
KEVIN F. ROWE
Clerk, U. S. District Court
By [signature]
Deputy Clerk

**DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

4.    Attorney Monthy's specialized skills and knowledge of the subject matter of

this action are of a clear benefit to Anthem and establish good cause for granting the Motion.

5.    The undersigned submits that the admission of Attorney Monthy would benefit

Anthem and would serve the interests of justice.

WHEREFORE, Anthem requests that this motion be granted.

THE DEFENDANT
ANTHEM HEALTH PLANS, INC.

By: _____

Patrick M. Noonan (Fed. Bar # ct00189)
Michael G. Durham (Fed Bar # ct05342)
DELANEY, ZEMETIS, DONAHUE,
  DURHAM & NOONAN
741 Boston Post Road
Guilford, CT  06437

Craig A. Hoover  (Fed. Bar # ct21931)
Jeffrey Pariser  (Fed. Bar # ct22245)
Jeremy T. Monthy (Fed. Bar # ct22244)
555 13th Street, N.W.
Washington, DC  20004
(202) 637-5600

2

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

James E. Hartley, Jr.
Drubner, Hartley, O'Conner & Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
    Tel: (203) 753-9291    Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
    Tel: (203) 821-2000    Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
    Tel:  (203) 594-5300    Fax:  (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY
    Tel: (212) 661-1100    Fax: (212) 661-8665

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
    Tel: (860) 537-5537    Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
    Tel:  (215) 496-0300    Fax:  (215) 496-6611

Patrick M. Noonan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONNECTICUT STATE MEDICAL
SOCIETY,                    Plaintiff,

CIVIL ACTION NO. 3:01CV428 (AWT)

v.

ANTHEM HEALTH PLANS, INC.,
                    Defendant.

March 23, 2001

## MOTION FOR ADMISSION OF ATTORNEY PRO HAC VICE

Pursuant to Local Rule 2(d), the defendant Anthem Health Plans, Inc., through its undersigned counsel, hereby moves for the admission of Craig A. Hoover as attorney *pro hac vice*. In support of its motion, the undersigned represents:

1. Attorney Hoover is an active member of the bars of the District of Columbia (since March 8, 1985), State of Virginia (since April 15, 1987) and State of California (since June 7, 1984).

2. Attorney Craig A. Hoover does not have any grievance pending against him, has never been reprimanded, suspended, placed on inactive status, disbarred, nor has ever resigned from the practice of law.

3. Attorney Hoover's representation of Anthem and its affiliates is longstanding and pre-dates this cause of action. In addition, Attorney Hoover has over the past three years

ORDERED ACCORDINGLY
KEVIN F. ROWE
Clerk, U. S. District Court
By
Deputy Clerk
Mar 2

**DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK  •  741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168  •  FAX:  (203) 458-4424
JURIS NO. 415438

appeared *pro hac vice* on behalf of Anthem in prior major litigation in Connecticut arising out

of the merger between Anthem and Blue Cross/Blue Shield.[1]

4.   The undersigned submits that the admission of Attorney Hoover would benefit

Anthem and would serve the interests of justice.

WHEREFORE, Anthem requests that this motion be granted.

THE DEFENDANT
ANTHEM HEALTH PLANS, INC.

By: _____

Patrick M. Noonan (Fed. Bar # ct00189)
Michael G. Durham (Fed Bar # ct05342)
DELANEY, ZEMETIS, DONAHUE,
 DURHAM & NOONAN
741 Boston Post Road
Guilford, CT 06437

Craig A. Hoover (Fed. Bar # ct21931)
Jeffrey Pariser (Fed. Bar # ct22245)
Jeremy T. Monthy (Fed. Bar # ct22244)
555 13th Street, N.W.
Washington, DC 20004
(202) 637-5600

---

[1] Richard Blumenthal v. Anthem Insurance Companies, Docket No. CV 97 05758595; Connecticut Employees Union Independent v. State of Connecticut Department of Insurance, Docket No. CV-97-0573468 5; Daniel E. Livingston v. Blue Cross & Blue Shield, Docket No. CV-97-0579043S; Nancy Wyman, Comptroller v. State of Connecticut Department of Insurance, Docket No. CV-97-0573695 5; Nancy Wyman v. Comptroller v. John Croweak, Docket No. CV 97 0576030 S. All actions were pending in the Superior Court for the Judicial District of Hartford/New Britain at Hartford, and were resolved expeditiously. Edward Collins. M.D.. et al. v. Anthem Health Plans. Inc., Docket No. X01CV99-0156198 5, is presently pending in the Judicial District of Waterbury.

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

James E. Hartley, Jr.
Drubner, Hartley, O'Conner & Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
    Tel: (203) 753-9291    Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
    Tel: (203) 821-2000    Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
    Tel:  (203) 594-5300    Fax:  (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY
    Tel: (212) 661-1100    Fax: (212) 661-8665

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
    Tel: (860) 537-5537    Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
    Tel:  (215) 496-0300    Fax:  (215) 496-6611

Patrick M. Noonan

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONNECTICUT STATE MEDICAL
SOCIETY,

        Plaintiff,

    v.

ANTHEM HEALTH PLANS, INC.,

        Defendant.

CIVIL ACTION NO. 3:01CV428 (AWT)

March 23, 2001

## MOTION FOR ADMISSION OF ATTORNEY PRO HAC VICE

Pursuant to Local Rule 2(d), defendant, Anthem Health Plans, Inc., through its undersigned counsel, hereby move for the admission of Jeffrey D. Pariser as attorney *pro hac vice*. In support of its motion, the undersigned represents:

1.    Attorney Pariser is an associate with the law firm of Hogan & Hartson, Columbia Square, 555 Thirteenth Street, NW, Washington, DC 20004-1109, (202) 637-5600.

2.    Attorney Pariser is an active member of the bars of the District of Columbia since February 1, 1999, State of New York since April 5, 1994, and State of New Jersey since December 21, 1993.

3.    Attorney Jeffrey D. Pariser does not have any grievance pending against him, has never been reprimanded, suspended, placed on inactive status, disbarred, nor has ever resigned from the practice of law.

ORDERED ACCORDINGLY
KEVIN F. ROWE
Clerk, U. S. District Court
By_____ Deputy Clerk

**DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK  •  741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168  •  FAX: (203) 458-4424
JURIS NO. 415438

4.     Attorney Pariser's specialized skills and knowledge of the subject matter of this

action are of a clear benefit to Anthem and establish good cause for granting the Motion.

5.     The undersigned submits that the admission of Attorney Pariser would benefit

Anthem and would serve the interests of justice.

WHEREFORE, Anthem requests that this motion be granted.

THE DEFENDANT
ANTHEM HEALTH PLANS, INC.

By

Patrick M. Noonan (Fed. Bar # ct00189)
Michael G. Durham (Fed Bar # ct05342)
DELANEY, ZEMETIS, DONAHUE,
  DURHAM & NOONAN
741 Boston Post Road
Guilford, CT  06437

Craig A. Hoover  (Fed. Bar # ct21931)
Jeffrey Pariser  (Fed. Bar # ct22245)
Jeremy T. Monthy (Fed. Bar # ct22244)
555 13th Street, N.W.
Washington, DC  20004
(202) 637-5600

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

James E. Hartley, Jr.
Drubner, Hartley, O'Conner & Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
    Tel: (203) 753-9291    Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
    Tel: (203) 821-2000    Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
    Tel: (203) 594-5300    Fax: (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY
    Tel: (212) 661-1100    Fax: (212) 661-8665

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
    Tel: (860) 537-5537    Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
    Tel: (215) 496-0300    Fax: (215) 496-6611

Patrick M. Noonan

3

RECEIPT FOR PAYMENT
DISTRICT COURT OF
CONNECTICUT
HARTFORD DIVISION

H002836
---------------------------------
RECEIVED FROM:

DELANEY ZEMETIS DONAHUE
DURHAM AND NOONAN
741 BOSTON POST ROAD
GUILFORD, CT 06437
---------------------------------

  Case Number: 3:01CV428

---------------------------------
F/U/B/O:

Party ID:
CONN MEDICAL SOCIETY, ANTHEM
HEALTH P

Tender Type:          CHECK

01-6855XX              $75.00

pro Hac Vice

Remarks: check # 1774 USDJ:AWT
         Craig A. Hoover, Jeremy
         T. Monthy & Jeffrey D.
         Pariser
---------------------------------
    Subtotal:          $75.00
---------------------------------

Receipt Total:         $75.00
=================================
# Checks and drafts are accepted
subject to collections and full
credit will only be given when
the check or draft has been
accepted by the financial
institution on which it was drawn.

   Date:    3/26/01
   Clerk:
            -------------------
                  JW

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------------x
CONNECTICUT STATE MEDICAL           :
SOCIETY,                            :
                                    :
          Plaintiff,                :
                                    :      Civil Action No.
v.                                  :      3:01CV00428 (AWT)
                                    :
ANTHEM HEALTH PLANS,                :
                                    :
          Defendant.                :
-----------------------------------x
```

## ORDER OF TRANSFER

In the interest of justice, the above identified case is hereby transferred to  Judge Janet B. Arterton . All further pleadings or documents in this matter should be filed with the Clerk's Office in New Haven, and shall bear the docket number 3:01CV00428(JBA). Pleadings or documents related to this action and filed in any other seat of court, will be refused at the Clerk's Office and returned to you unfiled. [See Local Rule 7(a)]

Dated at Hartford, Connecticut this 11th day of April, 2001.

Alvin W. Thompson
United States District Judge

AO 72A
(Rev. 8/82)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**APPEARANCE**

CONNECTICUT STATE MEDICAL SOCIETY,

        Plaintiff

        v.                         Civil Action 3:01CV428(AWT)

ANTHEM HEALTH PLANS, INC.

        Defendant.

***To the Clerk of this Court and all parties of record:***

      ***Enter my appearance as counsel in this case for***

ANTHEM HEALTH PLANS, INC.

_____4-3-01_____
*Date*

_____
*Signature*

ct _21931_____
*Bar Number*

Craig A. Hoover_____
*Print Name*

_Hogan & Hartson LLP_____
*Firm Name*

555 13th St., N.W._____
*Address*

Washington,  DC    20004___
*City*      *State*    *Zip Code*

202-637-5694_____
*Phone Number*

*I hereby certify that copies have been mailed to counsel of record as listed below, this date*

James. E. Hartley, Jr.
Gary B. O'Connor
H.C. Kwak
Drubner Hartley O'Connor & Mengacci
500 Chase Parkway
Waterbury, CT 06708

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church St., 13th Floor
New Haven, CT 06510

Melvyn I. Weiss
Edith M. Kallas
Joseph P. Guglielmo
Charles S. Hellman
Milberg Weiss Bershad Hynes
 & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk
Grossman & Gross LLP
100 Park Ave., 26th Floor
New York, NY 10017-5516

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Ave.
P.O. Box 192
Colchester, CT 06415

Jeffrey L. Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market St., Suite 2500
Philadelphia, PA 19103

*Signature*

- 2 -

i4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONNECTICUT STATE MEDICAL
SOCIETY,

            Plaintiff,

     v.

ANTHEM HEALTH PLANS, INC.,

            Defendant.

CIVIL ACTION NO. 3:01CV428 (JBA)

April 12, 2001

## MOTION FOR EXTENSION OF TIME

Defendant hereby moves, pursuant to Local Civil Rule 9(b), for a seven (7) day extension of time within which to file a response to plaintiff's Expedited Motion for State Court dated March 28, 2001. This extension is necessary because of scheduling commitments and the holidays

Plaintiff's counsel has indicated that he objects to the granting of this motion.

This is the first such request for an extension of time.

            THE DEFENDANT
            ANTHEM HEALTH PLANS, INC.

By:

            Michael G. Durham (Fed Bar# ct05342)
            DELANEY, ZEMETIS, DONAHUE,
              DURHAM & NOONAN
            741 Boston Post Road
            Guilford, CT 06437

2001 APR 13 A 9:25

FILED
APR 17  3 02 PM '01

**DELANEY, ZEMÉTIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

4/17/01:  Motion GRANTED, over objection for good cause shown, to and including 4/27/01.

Janet Bond Arterton, U.S.D.J.

IT IS SO ORDERED.
New Haven, Connecticut.

Craig A. Hoover (Fed. Bar # ct21931)
Jeffrey Pariser (Fed. Bar # ct22245)
Jeremy T. Monthy (Fed. Bar # ct22244)
555 13th Street, N.W.
Washington, DC 20004
(202) 637-5600

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

James E. Hartley, Jr.
Drubner, Hartley, O'Conner & Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
    Tel: (203) 753-9291    Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
    Tel: (203) 821-2000    Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
    Tel:  (203) 594-5300    Fax:  (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY
    Tel: (212) 661-1100    Fax: (212) 661-8665

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
    Tel: (860) 537-5537    Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
    Tel:  (215) 496-0300    Fax:  (215) 496-6611

Michael G. Durham

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

APR 15  4: 53 PM '01

CONNECTICUT STATE MEDICAL SOCIETY,

Plaintiff,

v.

ANTHEM HEALTH PLANS, INC

Defendant.

CIVIL ACTION NO.
3:01CV428(AWT)

April 12, 2001

**APPEARANCE**

To the Clerk of this Court and all parties of record:

Pursuant to Local Rule 7(b) and the Motion for Admission Pro Hac Vice endorsed on March 28, 2001, please enter my appearance as counsel in the above-styled matter for Defendant Anthem Health Plans, Inc.

As requested by the clerk, Defendant's local counsel is Patrick M. Noonan, Delaney, Zemetis, Donahue, Durham & Noonan, P.C., Concept Park, 741 Boston Post Road, Guilford, Connecticut 06437.

Respectfully submitted,

Dated: April 12, 2001
Fed. Bar # ct22245

Jeffrey D. Pariser
Hogan & Hartson, L.L.P.
555 13th Street, N.W.
Washington, DC 20004
(202) 637-8689

DC - 68235/12 - #130367-9 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2001, a copy of the foregoing

Appearance was served by first class mail, postage prepaid, addressed to the following:

James E. Hartley, Jr.
Gary B. O'Connor
H.C. Kwak
DRUBNER HARTLEY O'CONNOR &
 MENGACCI, L.L.C.
500 Chase Parkway
Waterbury CT  06708

Melvyn I. Weiss
Edith M. Kallas
Joseph P. Guglielmo
Charles S. Hellman
MILBERG WEISS BERSHAD HYNES &
 LERACH LLP
One Pennsylvania Plaza
New York, NY  10119-0165

Gregory J. Pepe
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT  06510-2026

Stanley M. Grossman
D. Brian Hufford
Robert J. Axelrod
POMERANTZ HAUDEK BLOCK
 GROSSMAN & GROSS LLP
100 Park Avenue
New York, NY  10017-5516

David R. Scott
James E. Miller
SCOTT & SCOTT, LLC
108 Norwich Avenue
Colchester, CT  06415

Jeffrey L. Kodroff
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

Patrick M. Noonan
Kevin C. Shea
DELANEY, ZEMETIS, DONAHUE,
 DURHAM & NOONAN
741 Boston Post Road
Guildford, CT 06437

Jeffrey Pariser

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**            FILED

| | |
|---|---|
| CONNECTICUT STATE MEDICAL SOCIETY, | :      Ap 16  2 . ⁢⁢ ⁢ |
| | : |
| *Plaintiff.* | :   CIVIL ACTION NO. |
| | :   3:01 CV 00428(JBA) $\textit{M.BS}$ |
| v. | : |
| | : |
| ANTHEM HEALTH PLANS, INC., | : |
| | : |
| *Defendant.* | :   April 10, 2001 |

## MOTION FOR ADMISSION OF VISITING ATTORNEY
## EDITH M. KALLAS

James E. Hartley, Jr., a member in good standing at the bar of this Court, respectfully

moves pursuant to Local Rule 2(d) for permission to allow Edith M. Kallas, a member in good

standing of the bars of the United States District Court for the Southern and Eastern Districts of

New York, and the United States Court of Appeals for the Second, Third and Sixth Circuits, to

represent plaintiff in the above-captioned matter for all pretrial and trial purposes.

1. Visiting lawyer Kallas is a member of the firm of Milberg Weiss Bershad Hynes

& Lerach LLP, with an office at One Pennsylvania Plaza, New York, New York 10119.

2. She is admitted to the bars of the State of New York and the United States District

Courts for the Southern and Eastern Districts of New York, and the United States Court of

Appeals for the Second, Third and Sixth Circuits.

3. Neither Ms. Kallas nor any member of the firm to which she belongs has been

denied admission or disciplined in accordance with Rule 3 of the Local Rules, or has been denied

admission or disciplined by any other court.

4. A check for $25.00 accompanies this motion.

ORDERED ACCORDINGLY
KEVIN F. ROWE
Clerk, U.S. D ⁢⁢⁢  ⁢ Court
By Michele Sherman
Deputy Clerk

5.    Service of all papers shall be made upon James E. Hartley, Jr. or Gary B.

O'Connor, Drubner Hartley O'Connor & Mengacci, L.L.C., 500 Chase Parkway, Waterbury,

CT 06708.

THE PLAINTIFF

By:_____

James E. Hartley, Jr.
Federal Bar No. ct 08275
Gary B. O'Connor
Federal Bar No. ct 11216
H.C. Kwak
Federal Bar No. ct 19957

DRUBNER HARTLEY O'CONNOR
& MENGACCI, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
(203) 753-9291

F CSMS-ANT hk01204 wpd

- 2 -

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 12th day of April, 2001 to the following parties:

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue, Durham &
Noonan, P.C.
Concept Park
741 Boston Post Road
Guilford, CT 06437

Craig A. Hoover, Esq.
Jeremy T. Monthy
Jeffrey D. Pariser
Hogan & Hartson
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004-1109

James E. Hartley, Jr.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| CONNECTICUT STATE MEDICAL SOCIETY, | : | |
|---|---|---|
| | : | |
| *Plaintiff,* | : | CIVIL ACTION NO. |
| | : | 3:01 CV 00427 (JBA) |
| v. | : | |
| | : | |
| ANTHEM HEALTH PLANS, INC., | : | |
| | : | |
| *Defendant.* | : | April 10, 2001 |

## AFFIDAVIT OF EDITH M. KALLAS
IN SUPPORT OF MOTION *PRO HAC VICE*

I, Edith M. Kallas, under penalty of perjury, state as follows:

1. I am a member of the firm of Milberg Weiss Bershad Hynes & Lerach LLP, with an office at One Pennsylvania Plaza, New York, New York 10119.

2. I am a member in good standing at the bars of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second, Third and Sixth Circuits.

3. I have not been denied admission or disciplined in accordance with Rule 3 of the Local Rules of the United States District Court for the District of Connecticut, or have been denied admission or disciplined by any other court.

4. To the best of my knowledge, no member of this firm has been disciplined by or denied admission to this Court, or disciplined by or denied admission by any other court.

5.     I make this affidavit in support of the motion for my admission *pro hac vice* to

permit me to represent plaintiff as visiting counsel in connection with the above-captioned

action.

Edith M. Kallas

Subscribed and sworn to before me
this _10th_ day of April, 2001.

Notary Public

JOSEPH GUGLIELMO
Notary Public, State of New York
No. 02GU5067674
Qualified in Westchester County
Commission Expires Oct 21, 2002

F  CSMS-ANT hk01205.wpd

- 2 -

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

CONNECTICUT STATE MEDICAL SOCIETY, APR 10  2 27 PM '01

*Plaintiff,*  :  CIVIL ACTION NO.
:  3:01 CV 00428 (JBA) mB S

v.  :

RECEIPT FOR PAYMENT
DISTRICT COURT OF      TH PLANS, INC.,
CONNECTICUT
NEW HAVEN DIVISION

*Defendant.*  :  April 10, 2001

N603071
────────────────────────
RECEIVED FROM:

DRUBNER HARTLEY OCONNOR
500 CHASE PKWY
WATERBURY, CT 06708
────────────────────────

Case Number: 1CV424/08A
────────────────────────
F/U/B/O:

Party ID:

Tender Type:      CHECK
01-6855XX         $25.00

PRO HAC VICE

Remarks: usdj JBA

01-6855XX         $25.00
PRO HAC VICE

Remarks:
01-6855XX         $25.00
PRO HAC VICE

Remarks:
────────────────────────
Subtotal:         $75.00

Receipt Total:    $75.00
====================
* Checks and drafts are accepted
subject to collections and full
credit will only be given when
the check or draft has been
accepted by the financial
institution on which it was drawn.

Date:    4/17/01
Clerk:

        SAB

OR ADMISSION OF VISITING ATTORNEY
JOSEPH P. GUGLIELMO

ember in good standing at the bar of this Court, respectfully

d) for permission to allow Joseph P. Guglielmo, a member in

United States District Court for the Southern and Eastern

istrict of Colorado, to represent plaintiff in the above-captioned

rposes.

uglielmo is associated with the firm of Milberg Weiss Bershad

fice at One Pennsylvania Plaza, New York, New York 10119.

he bars of the State of New York and District of Columbia, the

the Southern and Eastern Districts of New York, and for the

elmo nor any member of the firm to which he belongs has been

in accordance with Rule 3 of the Local Rules, or has been denied

other court.

00 accompanies this motion.

ORDERED ACCORDINGLY
KEVIN F. ROWE NEW HAVEN
Clerk, U.S. District Court
By MACHELLE Sheman
Deputy Clerk

5.    Service of all papers shall be made upon James E. Hartley, Jr. or Gary B.

O'Connor, Drubner Hartley O'Connor & Mengacci, L.L.C., 500 Chase Parkway, Waterbury,

CT 06708.

THE PLAINTIFF

By:_____
      James E. Hartley, Jr.
      Federal Bar No. ct 08275
      Gary B. O'Connor
      Federal Bar No. ct 11216
      H.C. Kwak
      Federal Bar No. ct 19957

DRUBNER HARTLEY O'CONNOR
 & MENGACCI, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
(203) 753-9291

F:\CSMS-ANT\hk01207.wpd

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 12th day of April, 2001 to the following parties:

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue, Durham &
Noonan, P.C.
Concept Park
741 Boston Post Road
Guilford, CT  06437

Craig A. Hoover, Esq.
Jeremy T. Monthy
Jeffrey D. Pariser
Hogan & Hartson
Columbia Square
555 Thirteenth Street, NW
Washington, D.C.  20004-1109

James E. Hartley, Jr.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT STATE MEDICAL SOCIETY, | : |
| | : |
| *Plaintiff,* | : CIVIL ACTION NO. |
| | : 3:01 CV 00427 (JBA) |
| v. | : |
| | : |
| ANTHEM HEALTH PLANS. INC., | : |
| | : |
| *Defendant.* | : April 10, 2001 |

### AFFIDAVIT OF JOSEPH P. GUGLIELMO
### IN SUPPORT OF MOTION *PRO HAC VICE*

I, Joseph P. Guglielmo, under penalty of perjury, state as follows:

1.    I am associated with the firm of Milberg Weiss Bershad Hynes & Lerach LLP,

with an office at One Pennsylvania Plaza, New York, New York 10119.

2.    I am a member in good standing at the bars of the State of New York and District

of Columbia, the United States District Courts for the Southern and Eastern Districts of New

York, and for the District of Colorado.

3.    I have not been denied admission or disciplined in accordance with Rule 3 of the

Local Rules of the United States District Court for the District of Connecticut, or have been

denied admission or disciplined by any other court.

4.    To the best of my knowledge, no member of this firm has been disciplined by or

denied admission to this Court, or disciplined by or denied admission by any other court.

5.      I make this affidavit in support of the motion for my admission *pro hac vice* to

permit me to represent plaintiff as visiting counsel in connection with the above-captioned

action.

_____
Joseph P. Guglielmo

Subscribed and sworn to before me
this /0<sup></sup> day of April. 2001.

_____
Notary Public

JUSTIN G. FRANKEL
Notary Public, State Of New York
No. 02FR50736?
Qualified In Nassau Count"
Commission Expires Feb. 1       }

F:\CSMS-ANT\hk01206.wpd

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CONNECTICUT STATE MEDICAL SOCIETY.

       aiff.

CIVIL ACTION NO.
301CV0042 (JBA)

ANTHEM            a ANTHEM
BLUE C
CONNE

April 18, 2001



RECEIPT FOR PAYMENT
DISTRICT COURT OF
CONNECTICUT
NEW HAVEN DIVISION

RECEIVED FROM:                                 #883??4

DRUBNER HARTLEY OCONNOR
588 CHASE PKWY
WATERBURY, CT 86788

Case Number: ICV427 JBA

res|      F/U/B/0:

"d      Party ID:

C     Tender Type:
     81 6A55XX       CHECK
     PRO HAC VICE       $25.88

1     Remarks: ATTY I. GUGLIELMO

       Subtotal:
                $25.89

Receipt Total:
====================== $25.99
* Checks and drafts are accepted
subject to collections and full
credit will only be given when
the check or draft has been
accepted by the financial
institution on which it was drawn.
   Date:
   Clerk:     4/17/91

designt.     $9k

**N TO DEFENDANT'S**
**SION OF TIME**

ty ("CSMS"). by its undersigned counsel.

them Health Plan, Inc.'s ("Anthem" or

lotion"). Defendant has requested that this

se to Plaintiff's Expedited Motion for Remand

filed March 28, 2001. The extension Anthem

plaintiff's Expedited Motion for Designation of

ses to Judge Assigned to Earliest Filed Case (the

Motion for Remand. in which plaintiff requested an

e court, this action has been improvidently removed

consents to defense counsel's reasonable requests for

hore fully herein, in this instance, where plaintiff has

his action to state court and defendant has had ample

ponse. it is clear that defendant's request is a tactic

iction.

C: WINDOWS TEMP PJS00344.WPD

for purposes of delay and should be remanded immediately. Any further delay will prejudice the prosecution of plaintiff's action. Accordingly, plaintiff requests that defendant's motion for an extension be rejected.

Defendant's claim that it needs additional time in which to respond to plaintiff's Expedited Motion for Remand is disingenuous to say the least. As the short history of this action makes abundantly clear, defendant is well aware of the legal authority on the principal issue raised by plaintiff's Expedited Motion for Remand -- whether plaintiff's state law claim is preempted under ERISA. Indeed, as defendant's removal of this action is primarily predicated on the theory, misplaced as it may be, that plaintiff's claims are completely preempted by ERISA, defendant presumably researched this issue thoroughly before filing its Petition for Removal. Moreover, on March 22, 2001, when plaintiff sent its letter to defendant urging it to withdraw its Petition of Removal, defendant was given a second opportunity to review the issue of ERISA preemption in the context of this case, including relevant authority supporting plaintiff's Expedited Motion for Remand. Thus, by the time plaintiff *filed* its Expedited Motion for Remand on March 28, 2001, defendant had already had at least two weeks and two opportunities to consider the issue of complete preemption under ERISA and the relevant authority. Defendant has now had an additional three weeks to consider these issues and respond to plaintiff's Expedited Motion for Remand. All told, defendant has had nearly a month and a half to review the issue presented by plaintiff's Expedited Motion for Remand and the relevant authority. Accordingly, defendant's claim that it needs additional time to respond to plaintiff's Expedited Motion for Remand rings hollow. Therefore, and as set forth more fully below, defendant has failed to show good cause for granting its motion.

C:\WINDOWS\TEMP\PJS00344.WPD                    - 2 -

## I.   PROCEDURAL HISTORY

On February 14, 2001, plaintiff CSMS filed a complaint in the Superior Court for the State of Connecticut alleging that defendant engaged in numerous unfair and deceptive acts and practices which are designed to delay, deny, impede and reduce lawful reimbursement to CSMS physicians. The Complaint alleges that as a result of defendant's improper practices, it has violated the Connecticut Unfair Trade Practices Act and the Unfair Insurance Practices Act and plaintiff seeks injunctive and declaratory relief based on Anthem's unfair and unlawful contracting practices with participating providers. On March 15, 2001, defendant filed a motion for extension of time requesting that defendant's time to file a responsive pleading to the Complaint be extended 30 days, which plaintiff did not oppose and which this Court granted.

On March 16, 2001, defendant filed a Petition of Removal to federal court claiming that plaintiff's claims were preempted by Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA")." Pet. for Removal at 1-2. On March 20, 2001, counsel for defendant identified this case as a potential "tag along" to In re Managed Care Litigation, MDL 1334, currently pending in the Southern District of Florida.[2]

Then, as mentioned above, on March 22, 2001, plaintiff sent letter to counsel for defendant explaining that the case had been improvidently removed under ERISA and setting forth the grounds for remand. In its letter, the CSMS stated that unless defendant voluntarily stipulated to remand the case to state court, plaintiff intended to move to remand the action and seek costs.

---

[2]On April 12, 2001, the MDL Panel issued a conditional transfer order (CTO-8) conditionally transferring this action and consolidating it with the In Re Managed Care Litigation.

On March 28, 2001, plaintiff filed its Expedited Motion for Remand, which sought an expedited order remanding this action to state court. On April 12, 2001, defendant again submitted a motion for an extension of time, this time seeking an extension of time in which to respond to plaintiff's Expedited Motion for Remand. However, as plaintiff's Expedited Motion for Remand is based on ERISA preemption (or, more specifically, the absence thereof), the very basis upon which defendant removed plaintiff's action, it is inconceivable that defendant requires more than the 21 days provided for by Local Court Rule 9(a)(1) to respond to plaintiff's Expedited Motion for Remand.

## II.    ARGUMENT

### 1.    Defendant Has Failed To Demonstrate Good Cause For The Extension Requested

Local Rule 9(b)(1) and 9(b)(2) of this District state that, with limited exceptions that do not apply in this instance, motions for extension of time will not be granted except for good cause. Moreover, good cause "requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." Ct. L. Civ. Rule 9(b)(2).

Defendant removed this action on the ground that plaintiff's claims were preempted by ERISA on March 16, 2001, over a month ago. As discussed above, just days later on March 22, 2001, plaintiff sent a letter indicating the reasons on why removal under ERISA was improvident and setting forth the grounds, including relevant authority on ERISA preemption, on which it would base a motion for remand. Plaintiff then timely filed its motion to remand three weeks

C:\WINDOWS\TEMP\PJS00344.WPD                 - 4 -

ago on March 28, 2001, which raised the very same ERISA issues raised by defendant's improper

removal petition and addressed in plaintiff's letter.

As defendant has had ample time to consider the issues raised in plaintiff's Expedited

Motion for Remand, defendant has failed to show good cause for granting its Motion. It is

obvious that defendant's most recent request for an extension of time was made for the purpose

of delaying the prosecution of this action and prejudicing plaintiff, causing it to incur substantial

costs in litigating unnecessary motions. Defendant has already unfairly prejudiced plaintiff by

unnecessarily delaying the prosecution of this action for more than a month. Further delay

should not be permitted. Therefore, defendant's Motion should be denied.

## CONCLUSION

For all the foregoing reasons, plaintiff respectfully requests that this Court deny

defendant's motion and proceed to rule on plaintiff's Expedited Motion for Remand.

Dated: April 18, 2001

THE PLAINTIFF

By: _____ ( ιι )
    James E. Hartley, Jr.
    Federal Bar No. ct 08275
    Gary B. O'Connor
    Federal Bar No. ct 11216
    H.C. Kwak
    Federal Bar No. ct 19957
DRUBNER HARTLEY O'CONNOR
& MENGACCI, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
Tel:   (203) 753-9291
Fax:  (203) 753-6373

Melvyn I. Weiss
Edith M. Kallas
Federal Bar No. ct 22008
Joseph P. Guglielmo
Federal Bar No. ct 19251
Charles S. Hellman
Federal Bar No. ct 18484
MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
One Pennsylvania Plaza
New York, NY 10119-0165
Tel:   (203) 594-5300
Fax:  (203) 868-1229

Gregory J. Pepe
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026
Tel:   (203) 821-2000
Fax:  (203) 821-2009

Stanley M. Grossman
D. Brian Hufford
POMERANTZ HAUDEK BLOCK
 GROSSMAN & GROSS LLP
100 Park Avenue, 26th Floor
New York, NY 10017-5516
Tel:   (212) 661-1100
Fax:  (212) 661-8665

David R. Scott
Federal Bar No. ct 16080
James E. Miller
Federal Bar No. ct 21560
SCOTT & SCOTT. LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Tel:   (860) 537-5537
Fax:   (860) 537-4432

Jeffrey L. Kodroff
SPECTOR, ROSEMAN
 & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel:   (215) 496-0300
Fax:   (215) 496-6611

*Its Attorneys*

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 18th day of April, 2001 to the following parties:

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue, Durham &
Noonan, P.C.
Concept Park
741 Boston Post Road
Guilford, CT 06437

Craig A. Hoover, Esq.
Jeremy T. Monthy
Jeffrey D. Pariser
Hogan & Hartson
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004-1109

James E. Hartley, Jr.

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT STATE MEDICAL SOCIETY,<br><br>Plaintiff,<br><br>*v.*<br><br>ANTHEM HEALTH PLANS, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:01CV428 (JBA)<br><br>April 25, 2001 |

## NOTICE OF APPEARANCE

Please enter the appearance of Michael G. Durham, as attorney for the Defendants,

Anthem Blue Cross & Blue Shield of Connecticut and Anthem Health Plans, in the above-

entitled matter.

THE DEFENDANTS

BY

Michael G. Durham (#ct 05342)
Delaney, Zemetis, Donahue,
        Durham & Noonan
741 Boston Post Road
Guilford, CT 06437
(203)458-9168

**DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168 • FAX:  (203) 458-4424
JURIS NO. 415438

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

James E. Hartley, Jr.
Drubner, Hartley, O'Conner & Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
    Tel: (203) 753-9291    Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
    Tel: (203) 821-2000    Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
    Tel: (203) 594-5300    Fax: (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY 10017
    Tel: (212) 661-1100    Fax: (212) 661-8665

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
    Tel: (860) 537-5537    Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
    Tel: (215) 496-0300    Fax: (215) 496-6611

Michael G. Durham

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
(NEW HAVEN DIVISION)

CONNECTICUT STATE MEDICAL
SOCIETY,

        Plaintiff,

        *v.*

ANTHEM HEALTH PLANS, INC.,

        Defendant.

Civil Action No.

3:01CV428(JBA) $\cap \beta S$
$3 \cup c: 4!! \cup \iota A$

April 24, 2001

## MEMORANDUM OF DEFENDANT IN OPPOSITION TO
## PLAINTIFF'S MOTION TO REMAND

Craig A. Hoover  (Fed. Bar # ct21931)
Jeffrey Pariser  (Fed. Bar # ct22245)
Peter R. Bisio
HOGAN & HARTSON L.L.P.
555 13th Street, N.W.
Washington, DC  20004
(202) 637-5600

Michael G. Durham (Fed. Bar #ct05342)
Patrick M. Noonan  (Fed. Bar #ct00189)
DELANEY, ZEMETIS, DONAHUE
DURHAM & NOONAN
741 Boston Post Road
Guilford, CT  06437
(203) 458-9168

Attorneys for Defendants

## ORAL ARGUMENT REQUESTED

\\\DC - 68235/12 - #1309577 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
(NEW HAVEN DIVISION)

CONNECTICUT STATE MEDICAL
SOCIETY,

        Plaintiff,

    v.

ANTHEM HEALTH PLANS, INC.,

        Defendant.

Civil Action No.

3:01CV428(JBA) MBS

5 of cv 411(NBA)

April 24, 2001

## APPENDIX OF EXHIBITS

### TO

## MEMORANDUM OF DEFENDANT IN OPPOSITION TO
## PLAINTIFFS' MOTION TO REMAND

Craig A. Hoover (Fed. Bar # ct21931)
Jeffrey Pariser (Fed. Bar # ct22245)
HOGAN & HARTSON L.L.P.
555 13th Street, N.W.
Washington, DC  20004
(202) 637-5600

Michael G. Durham (Fed. Bar # ct05342)
Patrick M. Noonan (Fed. Bar #ct00189)
DELANEY, ZEMETIS, DONAHUE
DURHAM & NOONAN
741 Boston Post Road
Guilford, CT  06437
(203) 458-9168

Attorneys for Defendants

DC - 68235/12 - #1310177 v1

**FOR THE DISTRICT OF CONNECTICUT**

FILED

May 7  4:11 PM '01    **APPEARANCE**

CONNECTICUT STATE MEDICAL SOCIETY,

Plaintiff

v.                                          Civil Action 3:01CV428(JBA)

ANTHEM HEALTH PLANS, INC.

Defendant.

*To the Clerk of this Court and all parties of record:*

*Enter my appearance as counsel in this case for*

ANTHEM HEALTH PLANS, INC.

4-17-01
*Date*

*Signature*

*ct 21931*
*Bar Number*

Craig A. Hoover
*Print Name*

Hogan & Hartson LLP
*Firm Name*

555 13th St., N.W.
*Address*

Washington,  DC        20004
*City*        *State*      *Zip Code*

202-637-5694
*Phone Number*

*I hereby certify that copies have been mailed to counsel of record as listed below, this date*

James. E. Hartley, Jr.
Gary B. O'Connor
H.C. Kwak
Drubner Hartley O'Connor & Mengacci
500 Chase Parkway
Waterbury, CT 06708

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church St., 13th Floor
New Haven, CT 06510

Melvyn I. Weiss
Edith M. Kallas
Joseph P. Guglielmo
Charles S. Hellman
Milberg Weiss Bershad Hynes
  & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk
Grossman & Gross LLP
100 Park Ave., 26th Floor
New York, NY 10017-5516

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Ave.
P.O. Box 192
Colchester, CT 06415

Jeffrey L. Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market St., Suite 2500
Philadelphia, PA 19103

*Signature*

- 2 -

FILED

IN THE UNITED STATES DISTRICT COURT
May 7   ⏸ ⏸⏸ FOR THE DISTRICT OF CONNECTICUT

CONNECTICUT STATE MEDICAL
SOCIETY,

                    Plaintiff,

          v.                                      CIVIL ACTION NO. 3:01CV428 (JBA)

ANTHEM HEALTH PLANS, INC.,

                    Defendant.

                                                  May 4, 2001

## NOTICE OF APPEARANCE

Please enter the appearance of Steven M. Barry, as attorney for the Defendants, Anthem

Blue Cross & Blue Shield of Connecticut and Anthem Health Plans, in the above-entitled matter.

                              THE DEFENDANTS

                              BY _____
                                  Steven M. Barry (#ct 07825)
                                  Delaney, Zemetis, Donahue,
                                      Durham & Noonan
                                  741 Boston Post Road
                                  Guilford, CT  06437
                                  (203)458-9168

**DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK  •  741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168  •  FAX:  (203) 458-4424
JURIS NO. 415438

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

James E. Hartley, Jr.
Drubner, Hartley, O'Conner & Mengacci, L.L.C.
500 Chase Parkway
Waterbury, CT 06708
      Tel: (203) 753-9291    Fax: (203) 753-6373

Gregory J. Pepe
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026-
      Tel: (203) 821-2000    Fax: (203) 821-2009

Melvyn I. Weiss
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165
      Tel: (203) 594-5300    Fax: (203) 868-1229

Stanley M. Grossman
D. Brian Hufford
Pomerantz Haudek Blodk Grossman & Gross, LLP
100 Park Avenue, 26th Floor
New York, NY 10017
      Tel: (212) 661-1100    Fax: (212) 661-8665

David R. Scott
James E. Miller
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
      Tel: (860) 537-5537    Fax: (860) 537-4432

Jeffrey L. Kodroff
Spector, Roseman & Kodrof, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
      Tel: (215) 496-0300    Fax: (215) 496-6611

Steven M. Barry